## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC., *et al.*[1],<br><br>          Debtors. | Chapter 7<br><br>Case No. 24-11442 (MFW)<br><br>(Jointly Administered) |
| BRIAN SKAJEM, LISA PAPATZIMAS, ERIN TUTTLE, DAVID ELLENDER, DARA COHEN, MATT LOZE, JESSICA STOECKELER, HEATHER BUNDY, CAREY CAMPBELL, KELLY BURKE HOPKINS, COURTNEY SMITH, on behalf of themselves and behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC.; REDBOX AUTOMATED RETAIL, LLC; WILLIAM J. ROUHANA, JR., AMY NEWMARK, and DOES 1-500, inclusive,<br><br>          Defendants. | Adv. Pro. No. 24-50128 (MFW) |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

Brian Skajem, Lisa Papatzimas, Erin Tuttle, David Ellender, Dara Cohen, Matt Loze, Jessica Stoeckeler, Heather Bundy, Carey Campbell, Kelly Burke Hopkins, Courtney Smith, on behalf of themselves and behalf of all other similarly situated (collectively, the "Plaintiffs") by and through their undersigned counsel, respectfully move (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting Plaintiffs leave to file an amended complaint (the "Amended Complaint") a copy of which is attached hereto **Exhibit B**.[2]  Plaintiffs seek to add John T. Young, Robert H. Warshauer, and Bart Schwartz ("New Defendants") as additional defendants and allegations pertaining to each individual, as well as to amend back in HPS Partners (the "Renewed Defendant"' together with the New Defendants, the "New and Renewed Defendants") In support of this Motion, Plaintiffs respectfully represent as follows:

## PRELIMINARY STATEMENT[3]

1.      Since the filing of Plaintiffs' Complaint, they have become aware of new evidence, previously unknown to Plaintiffs, which forms the basis of many of the new Counts and allegations brought in the Amended Complaint. This conclusion is based on testimony and other information provided to Plaintiffs in connection with contested matters relating to the *Application of the Strategic Review Committee and the Debtors for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Chapter 11 Counsel Effective as of June 28, 2024 through and including July 10, 2024* [Docket No. 226] and the *Application of the Chapter 7 Trustee for an Order Authorizing the  Retention of Pachulski Stang Ziehl & Jones LLP as Special Litigation and*

---

[2]  For the convenience of the Court and other interested parties, a blackline comparing the Complaint (as defined below) against the proposed Amended Complaint is attached hereto as **Exhibit C**.

[3]  Capitalized terms used but not defined herein shall have the meanings ascribed to such terms below, or in the Amended Complaint as applicable.

17155673/3

*Transactional Counsel to the Chapter 7 Trustee Effective as of July 11, 2024* [Docket No. 225] (the "Applications"), and in response to the *Omnibus Objection to the Applications* [Docket No. 283] (the "Objection") filed by CSS and William Rouhana, CEO of CSS and former CEO and director of CSSE, as well as informal discovery provided by former defendants dismissed without prejudice from this suit.

2.      The proposed amendments to the Complaint do not alter the nature or overall purpose of the adversary proceeding, nor do they add any counts to the Complaint.  In other words, the Amended Complaint still asserts claims for relief against the Defendants (defined below) based on violations of the California Labor Code and Fair Labor Standards Act.  Accordingly, the Plaintiffs' proposed amendments will not have any "case management" implications for the adversary proceeding.

3.      The Defendants will not be able to establish that any undue prejudice will occur if the Motion is granted.  Therefore, Plaintiffs' request that the Court grant Plaintiffs leave to amend their original Complaint.

## **JURISDICTION AND VENUE**

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Plaintiffs consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

17155673/3

5.      Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**STATEMENT OF FACTS**

6.      On September 6, 2024, Plaintiffs filed their *Complaint* [Adv. D.I. 1] (the "Complaint") against George L. Miller, in his capacity as Chapter 7 Trustee for the bankruptcy estates of Chicken Soup for the Soul Entertainment Inc. and Redbox Automated Retail, LLC (the "Trustee"), HPS Partners, LLC ("HPS"), Anthem Blue Cross and Blue Shield ("Anthem"), William J. Rouhana, Jr. ("Rouhana"), and Amy Newmark (collectively, "Defendants"), alleging violations of the California Labor Code and Fair Labor Standards Act, among other things.

7.      Plaintiffs informally discussed allegations in the Complaint with all Defendants, some of which provided informal discovery in connection with the same.  On September 27, 2025, the Plaintiffs voluntarily dismissed HPS Partners, LLC without prejudice.  *See* Adv. D.I. 8. And, on December 18, 2024, the Plaintiffs and Anthem Blue Cross and Blue Shield ("Anthem") filed a stipulation extending the deadline for Anthem to respond to or answer the complaint. *See* Adv. D.I. 14.  The response deadlines for the remaining defendants—other than Defendants Rouhana and Newmark—have been extended through the date of this Motion, formally and informally. *See* Adv. D.I. 17.

8.      On August 12, 2024, the Trustee filed the Applications, to which Rouhana objected, initiating a contested matter.  Depositions of at least Rouhana, John Young Jr., and Robert Warshauer were taken.  Plaintiffs attended the same.  The testimony provided in those depositions, as well as information provided to Plaintiffs after the Complaint was filed provide a basis for the additional allegations in the Amended Complaint and implicate the new defendants in the suit. Plaintiffs intend to further develop the factual record supporting their Counts against all Defendants in this adversary proceeding through discovery under the Federal Rules.

17155673/3

## ARGUMENT

**A.      Rule 15(a)'s Liberal Test for Amendment is Satisfied.**

9.      Under the Federal Rules, the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a); *see also Invensas Corp. v. Renesas Elecs. Corp.*, 2013 WL 1776112, at *1 (D. Del. Apr. 24, 2013) ("the Third Circuit has adopted a liberal approach in allowing amendments under Rule 15, in order to ensure that 'claim[s] will be decided on the merits rather than on technicalities.'"). The four factors weighed when considering a motion for leave to amend are: "(1) whether the amendment has been unduly delayed; (2) whether the amendment would unfairly prejudice the non-moving party; (3) whether the amendment is brought for some improper purpose; and (4) whether the amendment is futile." *Butamax Adv. Biofuels L.L.C. v. Gevo, Inc.,* 2012 WL 2365905, at *2 (D. Del. June 21, 2012).  Here, all four factors weigh in favor of granting Plaintiffs' Motion.  A motion to amend under Rule 15(a) may be used to add, substitute, or drop parties.  *Mullen v. Alarmguard of Delmarva, Inc.*, 625 A.2d 258, 263 (Del. 1993).

### 1.      *The Plaintiffs' Motion for Leave is Timely.*

10.      The question of undue delay focuses on plaintiff's reasons for not amending sooner. *Invensas Corp. v. Renesas Elecs. Corp.*, 2013 WL 1776112, at *1 (D. Del. Apr. 24, 2013). Here, Plaintiffs have not unduly delayed seeking to amend, but rather have acted diligently since filing the Complaint. The allegations against the New and Renewed Defendants did not come apparent until the depositions of Mr. Warshauer and Mr. Young in November of 2024. It was then that Plaintiffs learned about the New and Renewed Defendants' involvement in this matter. Mr. Warshauer's and Mr. Young's depositions also provided additional insight into Rouhana's role and the relationship between HPS, Rouhana, and CSSE entities giving rise to liability under both the California Labor Code and the FLSA. As such, Plaintiffs respectfully move to amend the

5

complaint to insert additional allegations pertaining to Rouhana to explain his background, and as well as similar allegations regarding Newmark to explain her background. Basically, the new allegations explain that despite Defendant Rouhana and Newmark's background, the New and Renewed Defendants, though positioned to and having a duty to, *inter alia*, ensure that employees were paid properly and receiving benefits to which they were entitled pursuant to California and Federal Law, did not protect the employees.

11.     Through discovery, Plaintiffs have learned that Bart Schwartz served as interim CEO of CSSE for a period of time and had a role that implicates his liability vis-à-vis Plaintiffs and the class members pursuant to the California Labor Code and the FLSA. Accordingly, Plaintiffs respectfully move to amend the complaint to include allegations against Mr. Schwartz.

12.     Defendants have sufficient time to respond to the Amended Complaint. The defendants have been granted several extensions, extending the deadline for at least the Trustee to respond to or answer the original Complaint until February 7, 2025. Defendants Rouhana and Newmark, though represented by Counsel herein who has corresponded with Plaintiff's Counsel numerous times, did not previously respond to the Complaint.  Plaintiffs are willing to grant an additional extension to allow Defendants to review and respond to the Amended Complaint as well.

## 2.     *There is No Undue Prejudice to Defendants.*

13.     The Amended Complaint will not subject Defendants to undue prejudice because it pleads additional facts that were revealed in the course of the contested matter in the main bankruptcy proceedings.  To show undue prejudice, Defendants must demonstrate that if leave to amend is granted, they will be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989); *see also Invensas*, 2013

17155673/3

WL 1776112, at *3 (finding minimal prejudice to defendant because the "discovery period in the case [was] still ongoing, . . . no trial date [was] currently scheduled, . . . no depositions had taken place, . . . and fact discovery [had] recently been extended . . ."). Defendants would not be prejudiced by this amendment. The adversary is still in its infancy. The Trustee has an extension to February 2025 to file a response to the Complaint, and Plaintiffs are willing to extend this time further so that Defendants may review and respond the Amended Complaint. Thus, permitting Plaintiffs to amend will not affect case scheduling and Defendants' response date can be reasonably extended to provide defendants an opportunity to respond to the Amended Complaint.

14.     The inclusion of the New Defendants in this action is non-prejudicial, as these individuals served as corporate officers and/or board members of the Defendants during the period relevant to the Complaint. The claims against the New Defendants are being pursued within the applicable statute of limitations and do not materially alter any cause of action or defense.

**3.      *The Amended Complaint is Brought for a Proper Purpose.***

15.     The Plaintiffs are not amending the complaint in bad faith or in an effort to cause undue delay. Rather, Plaintiffs have reasonable grounds to amend following further discovery and have requested to do so in a timely manner. Plaintiffs are seeking in good faith to amend the complaint to include the full scope of damages and remedies due in light of Defendants' and New Defendants' fraudulent conduct. The Plaintiffs have not acted in a dilatory manner and—upon learning of the New Defendants—the Plaintiffs promptly sought to amend the Complaint here.

16.     Moreover, Defendants have been on notice of the claims for months, and Plaintiffs have agreed to extend the response date to the Complaint as to the defendants previously named in the Complaint as a good-faith gesture. Because it appears unlikely that an informal resolution will be reached at this stage, Plaintiffs seeks to amend as a matter of pragmatism, rather than as a

7

bad faith or dilatory tactic.

**4.** *The Amendment is Not Futile.*

17. The Amended Complaint is not futile because it further establishes the relief to which Plaintiffs are entitled and asserts matters at the core of this case. Whether an amendment is futile is measured under "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *TC Tech. LLC v. Sprint Corp.*, 2019 WL 529678, at *3 (D. Del. Feb. 11, 2019). Here, Plaintiffs' Amended Complaint sets forth additional allegations regarding each of the New Defendants as well as additional allegations regarding Rouhana and Newmark, that also in turn give rise to allegations against the other Defendants.

**B.** **The New Claims Relate Back to the Existing Claims Under Rule 15(c).**

18. Federal Rule of Civil Procedure 15(c)(1)(B) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  The Third Circuit has explained that "[i]n essence, application of Rule 15(c) involves a search for a common core of operative facts in the two pleadings.  As such, the court looks to whether the opposing party has had fair notice of the ***general fact situation*** and legal theory upon which the amending party proceeds." *Bensel v. Allied Pilots Assn*, 387 F.3d 298, 310 (3d Cir. 2004) (emphasis added; citations omitted); *see also In re Gerardo Leasing*, 173 B.R. 379, 388 (Bankr. N.D. Ill. 1994) (reasoning that "the most important factor in determining whether to allow an amended complaint to relate back to the date of the original filing is whether the original complaint provided the defendant with sufficient notice of what must be defended against in the amended pleading").  Here, the allegations in the Amended Complaint arise out of the same transaction or occurrence set forth in the Complaint; therefore, the amendment related back to the

original Complaint.

<b><u>CONCLUSION</u></b>

19.    The Amended Complaint will not result in undue prejudice, is not futile, is not being asserted in bad faith, is not the product of undue delay or dilatory motive, and relates back. For the foregoing reasons, the Plaintiffs respectfully request that this Court grant leave to file the Amended Complaint.

Dated:  February 4, 2025
Wilmington, Delaware

**MORRIS JAMES LLP**

*/s/ Tara C. Pakrouh*
Eric J. Monzo (DE Bar No. 5214)
Tara C. Pakrouh (DE Bar No. 6192)
Cortlan S. Hitch (DE Bar No. 6720)
Siena B. Cerra (DE Bar No. 7290)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: emonzo@morrisjames.com
        tpakrouh@morrisjames.com
        chitch@morrisjames.com
        scerra@morrisjames.com

**ALDERLAW, PC**
Michael Alder (CA Bar No. 170381)
Elana R. Levine, Esq. (CA Bar No. 234155)
(admitted *pro hac vice*)
12800 Riverside Drive, Second Floor
Valley Village, CA 91607
Telephone: (310) 275-9131
Facsimile: (310) 275-9132
E-mail: cmalder@alderlaw.com
        llevine@alderlaw.com
        mbrown@alderlaw.com

*Counsel to Plaintiffs and the Proposed Class*