## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC., *et al.*,[1] | Case No. 24-11442 (MFW) |
| Debtors. | (Jointly Administered) |
| BRIAN SKAJEM, LISA PAPATZIMAS, ERIN TUTTLE, DAVID ELLENDER, DARA COHEN, MATT LOZE, JESSICA STOECKELER, HEATHER BUNDY, CAREY CAMPBELL, KELLY BURKE HOPKINS, COURTNEY SMITH, on behalf of themselves and behalf of all others similarly situated, | Adv. Pro. No. 25-50128 (MFW) |
| Plaintiffs, | |
| v. | |
| CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC., REDBOX AUTOMATED RETAIL, LLC, WILLIAM J. ROUHANA, JR., AMY L. NEWMARK, JOHN T. YOUNG, ROBERT H. WARSHAUER, BART SCHWARTZ, and DOES 1-500, inclusive, | |
| Defendants. | |

## DEFENDANT AMY L. NEWMARK'S OPENING BRIEF
## IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

*Counsel Listed on Next Page*

---

[1] Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508).

WOMBLE BOND DICKINSON (US) LLP
Donald J. Detweiler (DE Bar No. 3087)
1313 N. Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 252-4320
Facsimile:  (302) 252-4330
Email: don.detweiler@wbd-us.com

Cathy A. Hinger (admitted *pro hac vice*)
Victoria A. Bruno (*admittance pro hac vice pending*)
2001 K Street, NW
Suite 400 South
Washington, DC 20006
Telephone: (202) 467-6900
Facsimile:  (202) 467-6910
Email: cathy.hinger@wbd-us.com
Email: victoria.bruno@wbd-us.com

*Counsel for Defendant Amy L. Newmark*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT.................................................................................... 1

NATURE AND STAGE OF THE PROCEEDING..................................................... 3

    A.   The Chapter 11 Cases And Later Conversion To Chapter 7, And HPS's Failure To Fully Fund The DIP Financing Approved In The Chapter 11 Cases........................... 3

    B.   Plaintiffs' Multiple Iterations Of Their Lawsuit..................................................... 5

STATEMENT OF FACTS ......................................................................................... 7

    A.   The Limited Allegations Regarding Plaintiffs....................................................... 7

    B.   The Limited Allegations Regarding Ms. Newmark. ............................................. 7

    C.   The FAC Alleges The Same Nine Causes Of Action Against Every Defendant........ 8

ARGUMENT ............................................................................................................. 9

  I.   Pleading Standards Under Rules 12(b)(6) and 9(b)............................................... 9

  II.   Count I For Fraud Fails To State A Claim Under Rules 9(b) And 12(b)(6)..................... 10

    A.   The Complaint Fails To Allege Any Element Of Fraud With Particularity.............. 10

    B.   The FAC Fails To Allege Alter Ego Or Aiding And Abetting Liability. ................... 11

  III.   Count II For Conversion Fails To State A Claim Under Rule 12(b)(6). ........................... 13

  IV.   Counts III Through VIII Under The Labor Code Fail Under Rules 8 And 12(b)(6). ......... 14

    A.   Ms. Newmark Has No Personal Liability For Any Labor Code Violation. .............. 14

    B.   Count III Fails Under Rule 8. ............................................................................ 16

    C.   Count IV Under Labor Code § 204 Fails To State A Claim. .................................... 16

    D.   Count V Under Labor Code § 221 Fails To State A Claim. ..................................... 17

    E.   Count VI Under Labor Code § 2802 Fails To State A Claim. .................................. 18

    F.   Count VII Under Labor Code § 226(a) Fails To State A Claim. .............................. 19

    G.   Count VIII Under Labor Code §§ 201-203 Fails To State A Claim. ......................... 20

    H.   Claims Under Labor Code §§ 510, 512, 1194, Or 1197 Fail To State Claims. ......... 22

  V.   Count IX Under The FLSA And Declaratory Judgment Act Fails To State A Claim. ....... 23

    A.   The FAC Fails To Plead Sufficient Facts To State An FLSA Violation. .................. 23

    B.   The FAC Fails To Plead Adequate Facts To Support A Declaratory Judgment. ....... 24

  VI.   Any Claim Under The UCL Fails To State A Claim Under Rule 12(b)(6). .................. 25

  VII.   The Court Should Disallow Plaintiffs' Attempt To Pursue Their Claims As A Class.... 27

CONCLUSION......................................................................................................... 30

i

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*Adger v. Carney*,
    C.A. No. 18-2048-LPS, 2020 WL 1475422 (D. Del. Mar. 26, 2020) ...........................................16

*Alsco, Inc. v. Premier Outsourcing Plus, LLC*,
    No. CV 19-1631-CFC, 2020 WL 4209192 (D. Del. July 22, 2020)..............................................13

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).................................................................................................. 15-16, 22

*Barajas v. Blue Diamond Growers Inc.*,
    No. 1:20-CV-0679 JLT SKO, 2022 WL 1103841 (E.D. Cal. Apr. 13, 2022)..................17, 18, 27

*Barajas v. Blue Diamond Growers Inc.*,
    No. 1:20-CV-0679 JLT SKO, 2023 WL 2333548 (E.D. Cal. Mar. 2, 2023) ...................21, 24, 27

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..........................................................................................................9

*Boone v. Amazon.com Servs., LLC*,
    562 F. Supp. 3d 1103 (E.D. Cal. 2022)..............................................................................26

*Boucher v. Shaw*,
    572 F.3d 1087 (9th Cir. 2009) .........................................................................................24

*Boyack v. Salon Mgmt. Corp.*,
    No. SACV 18-01233 AG (DFMX), 2019 WL 1744855 (C.D. Cal. Feb. 11, 2019), *aff'd sub nom.*
    *Boyack v. Regis Corp.*, 812 F. App'x 428 (9th Cir. 2020)............................................21

*Carter v. Rasier-CA, LLC*,
    No. 17-cv-00003-HSG, 2017 WL 4098858 (N.D. Cal. Sept. 15, 2017), *aff'd*, 724 F. App'x 586
    (9th Cir. 2018)...............................................................................................................15

*Casey v. U.S. Bank Nat'l Assn.*,
    127 Cal. App. 4th 1138 (2005) ........................................................................................13

*Chapparral Energy, Inc.*,
    No. 16-11144 (LSS), 2018 WL 818309 (Bankr. D. Del. Feb. 9, 2018) ....................................28

*Clark v. Super. Ct.*,
    50 Cal. 4th 605 (2010) ....................................................................................................26

*Continental Cas. Co. v. Nationwide Mut. Ins. Co.*,
    No. CV 14-07326-GW (PLAX), 2014 WL 12607694 (C.D. Cal. Nov. 3, 2014).........................26

*Cooper v. Pickett*,
   137 F.3d 616 (9th Cir. 1997) ...................................................................................9

*Cordell v. PICC Lines Plus LLC*,
   No. 16-cv-01814-TEH, 2016 WL 4702654 (N.D. Cal. Sept. 8, 2016)...................................18, 20

*Galaxia Elecs. Co., LTD v. Luxmax, U.S.A.*,
   No. LA CV 16-05144 JAK(GJSX), 2023 WL 2347085 (C.D. Cal. Feb. 1, 2023), *report and recommendation adopted*, 2020 WL 4501921 (D. Del. Aug. 5, 2020) .........................................13

*Galaxia Elecs. Co., LTD v. Luxmax, U.S.A.*,
   No. LA CV16-05144 (PLAX), 2024 WL 3550378 (C.D. Cal. June 5, 2024) ..............................13

*GEICO v. Dizol*,
   133 F.3d 1220 (9th Cir. 1998) ................................................................................25

*Gentry v. eBay, Inc.*,
   99 Cal. App. 4th 816 (2002) ..................................................................................11

*Gerritsen v. Warner Bros. Entm't., Inc.*,
   116 F. Supp 3d 1104 (C.D. Cal. 2015) .......................................................................12

*Grassi v. Moody's Invs. Servs.*,
   540 F. App'x 737 (9th Cir. 2013) ............................................................................13

*Hassell v. Uber Technologies, Inc.*,
   No. 20-cv-04062-PJH, 2020 WL 7173218 (N.D. Cal. Dec. 7, 2020)..............................19, 25, 27

*Hawk Mountain LLC v. Mirra*,
   No. CV 13-2083, 2016 WL 3182778 (D. Del. June 3, 2016), *report and recommendation adopted*, 2016 WL 4541032 (D. Del. Aug. 31, 2016) ................................................................10

*Higgins v. Frank Bonin Funeral Parlor*,
   629 F. App'x 168 (3d Cir. 2015) .............................................................................9

*Hill v. Pacific Maritime Assoc.*,
   No. 24-cv-00336-JSC, 2025 WL 1282628 (N.D. Cal. May 2, 2025).....................................19, 20

*In re AFA Inv., Inc.*,
   No. 12-11127 (MFW), 2012 WL 6544945 (Bankr. D. Del. Dec. 14, 2012) .................................9

*In re Circuit City Stores, Inc.*,
  No. 08–35653, 2010 WL 2208014 (Bankr. E.D. Va. May 28, 2010), *aff'd*,
  439 B.R. 652 (E.D. Va. 2010) ................................................................................. 29

*In re Ctr. City Healthcare, LLC*,
  641 B.R. 793 (Bankr. D. Del. 2022) ........................................................................ 9

*In re Ephedra Prods. Liab. Litig.*,
  329 B.R. 1 (S.D.N.Y. 2005) ................................................................................... 30

*In re Leitzke*,
  No. 13-12156, 2014 WL 3583706 (Bankr. D. Del. July 18, 2014) .......................... 9

*In re Musicland Holding Corp.*,
  362 B.R. 644 (Bankr. S.D.N.Y. 2007) ................................................................... 27

*In re OSC 1 Liquidating Corp.*,
  529 B.R. 825 (Bankr. D. Del. 2015) ...................................................................... 10

*In re Sacred Heart Hosp. of Norristown*,
  177 B.R. 16 (Bankr. E.D. Pa. 1995) ...................................................................... 29

*In re Worth Collection, Ltd.*,
  666 B.R. 726 (Bankr. D. Del. 2024) .............................................................. 9, 12, 13

*Kerns v. Dukes*,
  153 F.3d 96 (3d Cir. 1998) ..................................................................................... 25

*Koloni Reklam, Sanayi, Ticaret LTD/STI v. Viacom, Inc.*,
  No. CV 16-285-SLR, 2017 WL 726660 (D. Del. Feb. 23, 2017) ........................... 12

*Landers v. Quality Commc'ns, Inc.*,
  771 F.3d 638 (9th Cir. 2014) .................................................................................. 22

*Liqwd, Inc. v. L'Oreal USA, Inc.*,
  No. CV 17-14-JFB-SRF, 2019 WL 10252725 (D. Del. Apr. 30, 2019) ................... 11

*Lowenthal v. Quicklegal, Inc.*,
  No. 16-cv-03237-LB, 2016 WL 5462499 (N.D. Cal. Sept. 28, 2016) ..................... 24

*Madrid v. Perot Systems Corp.*,
  130 Cal. App. 4th 440 (2005) ................................................................................. 27

*Mangindin v. Wash. Mut. Bank*,
  637 F. Supp. 2d 700 (N.D. Cal. 2009) ................................................................... 25

*McKenzie v. Navy Fed. Credit Union*,
  760 F. Supp. 3d 146 (D. Del. 2024) ............................................................................9

*Neilson v. Union Bank of Cal., N.A.*,
  290 F. Supp. 2d 1101 (C.D. Cal. 2003) .....................................................................12

*Neubronner v. Milken*,
  6 F.3d 666 (9th Cir. 1993) .........................................................................................10

*Pennsylvania Mfgs. Indem. Co. v. Six Continents Hotels, Inc.*,
  No. CV 22-1603-RGA, 2023 WL 7217063 (D. Del. Nov. 2, 2023), *report and recommendation adopted*, 2024 WL 1251297 (D. Del. Mar. 22, 2024) ...................................................25

*Perez v. DNC Parks & Resorts at Sequoia*,
  No. 1:19-cv-00484 DAD-SAB, 2020 WL 4344911 (E.D. Cal. July 29, 2020) ...........17, 18, 21, 24

*Reyes v. Five Diamond Cold Storage, Inc.*,
  No. 1:24-cv-00028-JLT-SAB, 2024 WL 3011123 (E.D. Cal. June 11, 2024*), report and recommendation adopted*, 2024 WL 3252911 (E.D. Cal. July 1, 2024) ..............15, 20, 22, 23, 27

*Reyna v. WestRock Co.*,
  No. 20-cv-01666-BLF, 2020 WL 5074390 (N.D. Cal. Aug. 24, 2020) ......................21

*Rios v. Linn Star Transfer, Inc.*,
  No. 19-cv-07009-JSC, 2020 WL 1677338 (N.D. Cal. Apr. 6, 2020) .........................15, 16, 17, 20

*Roush v. MSI Inventory Serv. Corp.*,
  No. 2:17-CV-1010-JAM-KJN, 2018 WL 3637066 (E.D. Cal. July 30, 2018) ............15

*Russo v. Fed. Med. Servs., Inc.*,
  744 F. Supp. 3d 914 (N.D. Cal. 2024) .......................................................................15, 27

*Scott v. Cintas Corp.*,
  No. 3:23-cv-05764-JSC, 2024 WL 1421277 (N.D Cal. Apr. 2, 2024) ........................24

*See's Candy Shops, Inc. v. Super. Ct.*,
  210 Cal. App. 4th 889 (2012) .....................................................................................17

*Sonner v. Premier Nutrition Corp.*,
  971 F.3d 834 (9th Cir. 2020) ......................................................................................26

*Sonora Diamond Corp. v. Super. Ct.*,
  83 Cal. App. 4th 523 (Cal. Ct. App. 2000) .................................................................13

*Sun Grp. U.S.A. Harmony City, Inc. v. CCRC Corp. Ltd.*,
  2024 WL 2193311 (N.D. Cal. May 14, 2024) .............................................................12

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) ................................................................10

*Taggart v. Saltz*,
  855 F. App'x 812 (3d Cir. 2021) ...........................................................25

*Treadstone Servs. PC v. Aetna Life Ins. Co.*,
  No. 8:23-CV-01467-FWS-KES, 2025 WL 740178 (C.D. Cal. Feb. 7, 2025) ........................26, 27

*Trevino v. Merscorp, Inc.*,
  583 F. Supp. 2d 521 (D. Del. 2008) .......................................................12

*United States v. Bracco USA, Inc.*,
  No. 24-1668, 2025 WL 1261779 (3d Cir. May 1, 2025) .................................10

*Usher v. White*,
  64 Cal. App. 5th 883 (2021) ..................................................................15

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ...............................................................10

*Voris v. Lampert*,
  7 Cal. 5th 1141 (2019) ..........................................................................14

*Zazzali v. Hirschler Fleischer, P.C.*,
  482 B.R. 495 (D. Del. 2012) ..................................................................13

Federal Rules

  Fed. R. Civ. P. 8 ....................................................................................2

  Fed. R. Civ. P. 9(b) ...........................................................................1, 10

  Fed. R. Civ. P. 12(b)(6) ........................................................................1

Federal Bankruptcy Rules

  Fed. R. Bankr. P. 8 ................................................................................2

  Fed. R. Bankr. P. 9 ................................................................................1

  Fed. R. Bankr. P. 7012(b) ......................................................................1

  Fed. R. Bankr. P. 9014 .........................................................................27

California Labor Code

Cal. Lab. Code § 203 .................................................................................................21

Cal. Lab. Code § 221 .................................................................................................17

Cal. Lab. Code § 226(a) .............................................................................................19

Cal. Lab. Code § 226(e)(2)(B) ...................................................................................19

Cal. Lab. Code § 510 .................................................................................................22

Cal. Lab. Code § 512 .................................................................................................23

Cal. Lab. Code § 558.1 .........................................................................................17, 20

Cal. Lab. Code § 558.1(a) ..........................................................................................14

Cal. Lab. Code § 558.1(b) ..........................................................................................14

Cal. Lab. Code § 1194 ...............................................................................................22

Cal. Lab. Code § 1197 ...............................................................................................22

Cal. Lab. Code § 2802 ...............................................................................................22

## **PRELIMINARY STATEMENT**

This is individual Defendant, Amy L. Newmark's ("Ms. Newmark"), Opening Brief in Support of Motion to Dismiss (the "Motion," Adv. Pro. D.I. 37)[2] the First Amended Complaint (the "FAC," Adv. Pro. D.I. 30).  Dismissal of all claims against Ms. Newmark with prejudice is appropriate, if not mandated, pursuant to Fed. R. Civ. P. 12(b)(6), applicable to this adversary proceeding ("Adversary Proceeding"), pursuant to Fed. R. Bankr. P. 7012(b), ("Rule 12(b)(6)"), for failure to state any claim upon which relief may be granted.

It is impossible to fathom on what basis – other than harassment – Plaintiffs sued Ms. Newmark, seeking to hold her personally liable for hundreds of millions of dollars in alleged damages arising from alleged wage-and-hour violations, when she is not alleged to have had (and did not have) any operational authority or control over Debtor Chicken Soup for the Soul Entertainment, Inc. ("CSSE") or its employees.  Nor is she alleged to have done anything that relates to Plaintiffs' claims.  The scant allegations against Ms. Newmark amount to nothing more than she was a CSSE director.  That, alone, is inadequate to state any plausible claim against her.

The FAC's nine counts assert the same vague, unsupported claims against Ms. Newmark and co-Defendants[3] without (i) any differentiation as to Plaintiffs' legal relationship, if any, to such co-Defendants, (ii) any regard for the essential elements of the statutory or common laws under which Plaintiffs seek relief, or (iii) any particularized factual allegations satisfying Plaintiffs' pleading burden.  More specifically:

---

[2] As used herein, "Adv. Pro. D.I." refers to the docket index entries in this Adversary Proceeding.

[3]  The co-Defendants are Plaintiffs' alleged employer and Debtor Chicken Soup for the Soul Entertainment, Inc. ("CSSE"), Debtor Redbox Automated Retail, LLC ("Redbox"), CSSE's former Strategic Review Committee ("SRC"), Robert Warshauer and John Young, post-Petition CEO Bart Schawartz, and former CSSE CEO and director William Rouhana, Jr.

- Count I (Fraud) should be dismissed as to Ms. Newmark under Rule 12(b)(6) for failure to meet Plaintiffs' heightened pleading burden.[4]  Specifically, Plaintiffs fail to allege any (i) particularized facts showing Ms. Newmark made any statements at all, much less false statements of material fact, (ii) particularized facts satisfying any of the other elements of fraud, or (iii) facts establishing alter ego or aiding and abetting theories of personal liability.

- Count II (Conversion) should be dismissed as to Ms. Newmark under Rule 12(b)(6) because California law does not recognize such a claim for nonpayment of wages.

- Count III should be dismissed as to Ms. Newmark under Rule 12(b)(6) because it does not specify what law forms the basis of Plaintiffs' wage claims, and thus, fails to give her "adequate notice of the claims brought against [her] and the grounds upon which each claim rests," as required under Fed. R. Civ. P. 8, applicable to this Adversary Proceeding pursuant to Fed. R. Bankr. P. 8, ("Rule 8").  Simply put, Count III constitutes disfavored "shotgun" pleading.

- Counts IV through VIII (California Labor Code, the "Labor Code"), fail because (i) §§ 201-202, 204, and 221 of the Labor Code do not impose liability on individuals, but only on corporate employers, (ii) Plaintiffs fail to allege any facts showing Ms. Newmark took any affirmative action resulting in a Labor Code violation under the other sections asserted to hold her personally liable, and (iii) Plaintiffs fail to allege sufficient facts to state a plausible claim for wage or hour violations.

- Count IX (Fair Labor Standards Act, the "FLSA"), which alleges claims under the FLSA, fails because:  (i) the claims are derivative of Plaintiffs' other inadequately plead minimum wage and overtime claims; (ii) Plaintiffs fail to allege any facts showing Ms. Newmark qualifies as an "employer" under the FLSA necessary to hold her personally liable; and (iii) Plaintiffs are

---

[4] *See* Fed. R. Civ. P. 9(b), made applicable to this Adversary Proceeding pursuant to Fed. R. Bankr. P. 9, ("Rule 9(b)") ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").

not entitled to declaratory relief because they fail to state a plausible FLSA claim, fail to allege no adequate remedy at law, and base the request on past conduct, not the parties' ongoing legal rights.

- Any claim under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, ("UCL"), should be dismissed under Rule 12(b)(6) because (i) Plaintiffs fail to allege no adequate remedy at law or any facts to hold Ms. Newmark personally liable, (ii) the UCL claim is derivative of Plaintiffs' other inadequately plead Labor Code claims, and (iii) disgorgement of profits is not an available remedy in a UCL private or representative action.

- Finally, if any of Plaintiffs' poorly plead claims were to survive dismissal, which they should not, the Court, in its discretion, should disallow the class proof of claim. No class was certified prior to the commencement of the underlying bankruptcy cases. More importantly, certification of a class is unnecessary and will adversely affect the orderly administration of Debtors' bankruptcy cases and the bankruptcy estates.

In sum, the Court should dismiss all claims against Ms. Newmark with prejudice and without leave to amend.

## NATURE AND STAGE OF THE PROCEEDING

### A. The Chapter 11 Cases And Later Conversion To Chapter 7, And HPS's Failure To Fully Fund The DIP Financing Approved In The Chapter 11 Cases.

On June 28, 2024 (the "Petition Date"), Debtors filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code in this Court. (D.I. 1.) On July 10, 2024, the chapter 11 bankruptcy cases were converted to chapter 7 cases. (D.I. 120.)[5] George Miller has been duly appointed as the trustee of the chapter 7 Debtors. (D.I. 130.)

On the Petition Date, Debtors moved for orders authorizing and allowing Debtors to pay pre- and post-petition employee wages and benefits. (D.I. 3 ("Workforce Motion".) As Mr.

---

[5] As used herein, "D.I." refers to the docket index entries in the related bankruptcy cases, Case No. 24-11442 (MFW).

3

Rouhana, Debtors' then-Chairman of the Board, attested to in his supporting Declaration, Debtors entered bankruptcy with the desire to continue operating under "the protections and 'breathing room' that chapter 11 is intended to provide."  (D.I. 7 ¶ 3.)  But, Mr. Rouhana had resigned as CEO as of June 28, 2024.  (FAC ¶ 61.)  Co-Defendant Bart Schwartz replaced him as CEO, and was appointed to CSSE's Board on June 28, 2024.  (D.I. 7 ¶ 10; FAC ¶ 61.)  As part of Debtors' restructuring strategy, Mr. Rouhana arranged for up to $20.0 million in Debtor in Possession ("DIP") financing.  (*Id.* ¶ 34.)  The financing was to be used, in part, to pay employee wages and benefits.  (*Id.* ¶ 33.)

Debtors entered bankruptcy as the result of Debtors' senior secured lender, HPS Investment Partners, LLC's ("HPS"), ongoing failure to honor and perform its funding obligations and commitments to Debtors under that certain August 11, 2022 Amended and Restated Credit Agreement (the "Credit Agreement") by and among Debtors and HPS.  (*Id*. ¶¶ 19, 24-32; FAC 49.)  The parties entered into the Credit Agreement as part of the Redbox merger with and into CSSE.  (D.I. 7 ¶ 19.)  As part of the merger, CSSE and its subsidiaries assumed approximately $350 million of Redbox's secured debt with HPS.  (*Id.* ¶¶ 19, 23-30.)[6]

Post-petition, HPS blocked Debtors' proposed $20.0 million DIP financing, insisted that it provide only limited *interim* DIP financing, and that in exchange it receive broad releases and reinstatement of Debtors' prior "Strategic Review Committee" (the "SRC") (*i.e.*, Defendants Warshauer and Young[7]) to immediately assume control and responsibility for the ongoing business

---

[6] HPS's failure to honor and perform its funding obligations under the Credit Agreement is detailed more fully in Mr. Rouhana's Objection to Trustee's Application to Retain Pachulski Stang Ziehl & Jones LLP ("PSZJ") (the "PSZJ Objection").  (*See* D.I. 283.)  Mr. Rouhana withdrew this Objection pursuant to a Stipulation that asserted the Trustee "will investigate and, if appropriate, pursue any claims or causes of action against . . . HPS," but he has not done so.  (D.I. 471.)  Thus, although the Court never ruled on the Objection, the factual history therein illustrates that Plaintiffs' counsel has had a fulsome recitation of HPS's misconduct and, Messrs. Young and Warshauer's roles, available to them for ten months.

[7] HPS had appointed Messrs. Warshauer and Young to the SRC pursuant to a forbearance agreement.  (*See* D.I. 283.)

and affairs of Debtors in the chapter 11 cases in place of Mr. Rouhana and other board members he appointed pre-petition.  (*See generally* D.I. 7 ¶¶ 30-40; *see also* D.I. 28, 85 (reinstating the SRC and effecting removal of Mr. Rouhana from the board as of July 4, 2024.)  Capitalizing on the mounting pressure on payroll created by disputes over DIP financing, HPS wielded its power to get its way, and strongarmed Debtors into capitulating to a broad release and acquiescing in HPS's representations that it would provide $8 million in interim DIP financing (the "<u>Interim DIP Financing</u>").  (D.I. 75, 85.)  The Court approved the Interim DIP Financing, without hearing, on July 4, 2024.  (D.I. 85.)  Significantly, paragraph 1 of the Interim DIP Financing Order (D.I. 85 at 16), specifically provided the funds be used for:

(i)     up to $3.5 million for past due payroll and payroll due on July 5, 2024;
(ii)    up to $2.85 million for payroll deductions; and
(iii)   up to $1.65 million for payments to Anthem for healthcare premiums

(*Id.*)  To the detriment of Debtors and its employees, on July 10, 2024, Debtors orally moved, at Messrs. Warshauer and Young's instruction, to convert the chapter 11 cases to chapter 7 cases.  (D.I. 120.)  At this point, HPS had only funded $3.5 million of the Interim DIP Financing, and then used the chapter 7 conversion as an excuse not to fund the balance.  The unfunded amounts were to be used to cover employee payroll deductions including 401(k) and Anthem healthcare premiums, the very type of claims the FAC asserts.  On July 9, 2024, Mr. Schwartz resigned.  (FAC ¶ 61.)

**B.      Plaintiffs' Multiple Iterations Of Their Lawsuit.**

**1.      The Original California Lawsuit.**

On July 19, 2024, Plaintiffs filed a class action claim in California state court against CSSE, Redbox, Mr. Rouhana, and Ms. Newmark.[8]  Plaintiffs did so without relief from the automatic stay

---

[8] *Skajem, et al. v. Chicken Soup for the Soul Entertainment, Inc., et al.*, Case No. 24ST-cv-18214 (Cal. Super. Ct., Los Angeles Co.).  *See* https://www.lacourt.org/casesummary/ui/.

applicable to Debtors' then-chapter 11 cases.  Plaintiffs never served Ms. Newmark with the California lawsuit, and the docket reflects Plaintiffs quickly filed a notice to stay proceedings.  (*See* n.8.)  There has been no substantive activity and the case remains stayed.  (*Id.*)  On July 25, 2024, Plaintiffs' counsel held a "press conference,"[9] claiming he was contacted by "hundreds" of employees.  He also asserted that his firm could file claims on behalf of employees in the Delaware bankruptcy court.

### 2.    Plaintiffs' First Adversary Complaint.

On September 6, 2024, Plaintiffs filed their first class action complaint in this Court against CSSE, Redbox, Mr. Rouhana, Ms. Newmark, HPS, and Anthem.  (Adv. Pro. D.I. 1.)  Without explanation, Plaintiffs voluntarily dismissed HPS and Anthem without prejudice.  (Adv. Pro. D.I. 8, 15.)  No defendant filed a response to this complaint.

### 3.    Plaintiffs' Failed Attempt To Sue HPS Again.

On February 3, 2025, Plaintiffs moved for leave to file an amended complaint against CSSE, Redbox, Mr. Rouhana, Ms. Newmark, HPS, and Messrs. Young, Warshauer, and Schwartz.  (Adv. Pro. D.I. 18, 18-2.)  On February 18, 2025, HPS filed an Objection, arguing the allegations against it were, *inter alia*, too vague, speculative, and conclusory to state plausible claims.  (Adv. Pro. D.I. 20.)  On April 30, 2025, the Court held a hearing on the motion and found Plaintiffs inadequately pled claims against HPS, thereby denying, in part, Plaintiffs' request to add HPS as a defendant in the FAC.   On May 6, 2025, the Court granted leave to file an amended complaint to add only Messrs. Young, Warshauer, and Schwartz, but not HPS.  (Adv. Pro. D.I. 29.)

---

[9] *See* https://www.youtube.com/watch?v=8U_jOjgMDOk (last visited June 20, 25).  This video falsely accuses Mr. Rouhana and Ms. Newmark of "stealing" from Debtors' employees.  These false accusations are baseless.  Mr. Adler also falsely says that *eleven months* earlier, Mr. Rouhana "bought" "the Redbox Company and [CSSE]," which is objectively wrong.  This bankruptcy plainly involves *CSSE's* acquisition of Redbox in August 2022, not June of 2023.  (D.I. 7 ¶¶ 1, 23-32.)  CSSE was a publicly traded company formed in 2016, which no one, and certainly not Mr. Rouhana, "bought" in June of 2023.  (*Id.* ¶ 1.)  Thus, anyone viewing this video should consider Mr. Adler's malicious fabrications about Mr. Rouhana and Ms. Newmark as completely unreliable.

## STATEMENT OF FACTS

**A.    The Limited Allegations Regarding Plaintiffs.**

Plaintiffs allege they are former CSSE employees.  (*See* FAC ¶ 29).  However, the FAC does not identify Plaintiffs' job titles, job duties, where they lived or worked, to whom they reported, whether they were hourly or salaried, whether they were exempt or non-exempt, whether they were full- or part-time, what hours they worked, whether they were required to work overtime, what their rate of pay was, whether their job duties required incurring reimbursable expenses, whether they participated in any employee benefit programs, whether they contributed to any such employee benefit programs, the nature or amount of any individual losses they suffered or when, or whether they were employed as of the time of the Petition.  *See generally id*.  Instead, Plaintiffs broadly and vaguely allege they are "informed and believe" that "Defendants" engaged in a "scheme" to delay payroll, not pay them wages, commissions, paid time off ("PTO"), and/or non-discretionary bonuses, deduct wages for health and life insurance without maintaining that coverage, misrepresent that such benefits were still active, and stop contributing to 401(k) and/or HSA plans while still deducting wages in connection with these plans.  (*Id.* ¶¶ 1, 50-55, 57-58.)

**B.    The Limited Allegations Regarding Ms. Newmark.**

Plaintiffs allege they are "informed and believe" that Ms. Newmark was an director or officer (though in reality she was not an officer), and based on that status, erroneously conclude she is personally liable for the alleged unpaid wages, Labor Code and FLSA violations, and common-law fraud and conversion.  (*Id*. ¶ 23.)  The remaining allegations about Ms. Newmark are conclusory and speculative aspersions and gross mischaracterizations that are irrelevant to any element of the claims asserted.

**C.      The FAC Alleges The Same Nine Causes Of Action Against Every Defendant.**

Count I seeks damages for common-law fraud, and alleges "Defendants" misrepresented employees had health insurance even though it was terminated effective May 14, 2024, and continued to deduct wages to pay premiums in June payroll.  (*Id*. ¶¶ 52-54, 56-57, 65, 75-77, 79.)

Count II seeks damages for common-law conversion of wages, and alleges "Defendants" converted earned, but unpaid, wages, for their own "personal expenses."  (*Id*. ¶¶ 83-84, 86, 89.)

Count III seeks damages under the Labor Code generally, and alleges nonpayment of "all wages, commissions, and/or non-discretionary bonuses and/or PTO due."  (*Id*. ¶¶ 91-93, 95.)

Count IV seeks penalties under Labor Code § 204, requiring semi-monthly wage payments, and alleges "Defendants" failed to pay employees "all timely wages due."  (*Id*. ¶¶ 97-98.)

Count V seeks damages under Labor Code § 221, prohibiting collection of employee wages, and alleges "Defendants" kept payroll deductions intended for "health and/or dental insurance premiums, 401(k) contributions, and/or other benefit contributions."  (*Id*. ¶¶ 100-102.)

Count VI seeks damages under Labor Code § 2802, requiring reimbursement of necessary, employment related expenses, and alleges "Defendants" failed to reimburse for "expenses incurred as a condition of the discharge of their employment duties."  (*Id*. ¶¶ 104-106.)

Count VII seeks penalties under Labor Code § 226(a), requiring itemized wage statements, and alleges "Defendants" failed to issue statements allowing employees "to determine the proper amount of wages owed to them" because the statements showed "certain compensation . . . , benefits . . . , or employer contributions" were made when they were not.  (*Id*. ¶¶ 108-110.)

Count VIII seeks waiting time penalties under Labor Code §§ 201-203, and alleges that "Defendants" failed to pay final wages.  (*Id*. ¶¶ 112-115.)

Count IX seeks damages under the FLSA, and alleges "Defendants" failed to pay employees all wages due under the FLSA and to keep records required by the FLSA.  (*Id*. ¶¶ 121-

122, 124-125.)  Plaintiffs also seek a declaration under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, that they are entitled to "unpaid wages and other compensation thereon, liquidated damages, costs of suit, attorney's fees and other relief under the FLSA." (*Id*. ¶ 35.)

In addition, Plaintiffs allege they are "informed and believe" that "Defendants" had "policies, practices and customs" that "deprived them of the rights guaranteed them by California Labor Code . . . §§ 510, 512, 1194, 1197, . . . and California Business and Professions Code § 17200, *et seq*." (*Id*. ¶ 7.)  These claims are not set forth as separate counts in the FAC.

Plaintiffs sued on behalf of all whom "Defendants" employed in California and nationwide within four and three years, respectively, of the filing of the original complaint.  (*Id*. ¶¶ 4, 30.)

## ARGUMENT

### I.    Pleading Standards Under Rules 12(b)(6) and 9(b).

"[A] complaint must contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *In re AFA Inv., Inc.*, No. 12-11127 (MFW), 2012 WL 6544945, at *2 (Bankr. D. Del. Dec. 14, 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A complaint should be dismissed where its factual content does not allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *In re Worth Collection, Ltd.*, 666 B.R. 726, 735 (Bankr. D. Del. 2024) (internal quotations omitted).  A plaintiff "must allege facts with sufficient particularity" and "cannot rely on reciting statutory elements." *In re Ctr. City Healthcare*, LLC, 641 B.R. 793, 803 (Bankr. D. Del. 2022).   Relying upon conclusory statements does not state a plausible claim.  *See In re Worth Collection*, 666 B.R. at 742.  "[B]road and general statements" that "lack specific fact[s]" or "examples" cannot state a claim.  *Id.* at 737.  The Court need not draw inferences contradicted by other allegations or are otherwise unreasonable.  *See, e.g.*, *In re Leitzke*, No. 13-12156, 2014 WL 3583706, at *4 (Bankr. D. Del. July 18, 2014).

To satisfy Rule 9(b)'s heightened pleading standard, a plaintiff must detail the "who, what when, where, and how" of the alleged fraudulent conduct, and "set forth an explanation as to why the statement or omission complained of was false or misleading." *Cooper v. Pickett*, 137 F.3d 616, 625, 627 (9th Cir. 1997); *McKenzie v. Navy Fed. Credit Union*, 760 F. Supp. 3d 146, 150 (D. Del. 2024) (same).  Unsupported conclusions and speculation do not satisfy Rule 9(b).  *See Higgins v. Frank Bonin Funeral Parlor*, 629 F. App'x 168, 172 (3d Cir. 2015).  Group pleading is also insufficient to impose individual liability.  Rule 9(b) "does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (internal quotations omitted); *Hawk Mountain LLC v. Mirra*, No. CV 13-2083, 2016 WL 3182778, at *16 (D. Del. June 3, 2016), *report and recommendation adopted*, 2016 WL 4541032 (D. Del. Aug. 31, 2016) (same).

## II.    Count I For Fraud Fails To State A Claim Under Rules 9(b) And 12(b)(6).

The Court should dismiss Count I because the FAC fails to plead any particularized facts to state a fraud claim against Ms. Newmark under Rule 9(b)'s heightened pleading standard.  The FAC does not allege that Ms. Newmark made any statement, much less a false statement of material fact.  The FAC also does not allege any facts plausibly pleading the other elements of fraud, or any facts supporting Ms. Newmark's personal liability on an alter ego or aiding and abetting theory.

### A.    The Complaint Fails To Allege Any Element Of Fraud With Particularity.

To state a fraud claim, a plaintiff must allege:  (1) a material misrepresentation or omission of fact; (2) made with knowledge of its falsity; (3) with intent to defraud; and (4) reasonable reliance; (5) that causes the plaintiff damage.  *See, e.g.*, *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003); *In re OSC 1 Liquidating Corp.*, 529 B.R. 825, 832 (Bankr. D. Del.

2015) (same).  Fraud must be pled with particularity.  *See* Fed. R. Civ. P. 9(b).

The FAC does not attribute any alleged misrepresentations to Ms. Newmark, and therefore, fails to meet the first element necessary to state a fraud claim.  That, alone, is sufficient to dismiss Count I.  Additionally, Plaintiffs do not (and cannot) plead any facts showing how Ms. Newmark could have acted with an intent to deceive Plaintiffs into taking a particular action to their detriment when she is not alleged to have made any false statements.  Nor does the FAC explain how, under these circumstances, Plaintiffs could possibly allege facts that satisfy the reliance and resulting damage elements.  Due to the complete absence of any allegations suggesting Ms. Newmark, a director, ever had any direct interactions or communications with any of the Plaintiffs about their employment, wages, or benefits, its simply impossible to hold her liable for fraud.  Plaintiffs should not be given a third bite at the apple on this specious claim.

## B.    The FAC Fails To Allege Alter Ego Or Aiding And Abetting Liability.

Plaintiffs also have not adequately plead that Ms. Newmark is liable for any alleged fraud committed by other Defendants under a veil piercing theory.   To state a claim against Ms. Newmark on a veil piercing theory, Plaintiffs must allege that (1) she and CSSE are a single economic entity, and (2) respect for the corporate form would "sanction a fraud or promote injustice."  *Gerritsen v. Warner Bros. Entm't., Inc*., 116 F. Supp 3d 1104, 1143 (C.D. Cal. 2015); *Trevino v. Merscorp, Inc.*, 583 F. Supp. 2d 521, 530 (D. Del. 2008).  "There is a strong presumption against disregarding corporate identities and finding a person to be the alter ego of a corporation." *Sun Grp. U.S.A. Harmony City, Inc. v. CCRC Corp. Ltd.*, 2024 WL 2193311, at *11 (N.D. Cal. May 14, 2024); *In re Worth Collection*, 666 B.R. at 739 ("'Delaware courts take the corporate form and corporate formalities very seriously' and disregard that form only in the 'exceptional case'") (internal quotations omitted).  Thus, Plaintiffs "must allege specifically both of the elements of alter ego liability, as well as facts supporting each." *Neilson v. Union Bank of Cal.,*

11

*N.A.*, 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003); *In re Worth Collection*, 666 B.R. at 739 (same). The FAC fails this test.

The FAC mentions veil piercing only once, alleging vaguely that "Plaintiffs are informed and believe that . . . each of the Defendants . . . was the . . . alter ego . . . of the other Co-Defendants," which makes no sense given that four Defendants are individuals who could never be each other's alter ego. (FAC ¶ 9.) This single, conclusory allegation is also not supported by any particularized facts to warrant disregarding the corporate form. While the FAC alleges that Ms. Newmark formed CSSE in 2017 and was "involved in" it, (*see* FAC ¶¶ 44-45), that alone is not sufficient to show that she and CSSE operated as a single economic unit. *See Trevino*, 583 F. Supp. 2d at 529 (finding allegations that corporation was owned and "under the utter and complete domination and control" of defendants insufficient to allege they operated as a single economic unit); *Koloni Reklam, Sanayi, Ticaret LTD/STI v. Viacom, Inc.*, No. CV 16-285-SLR, 2017 WL 726660, at *3 (D. Del. Feb. 23, 2017) ("conclusory assertions of control unsupported by well-pleaded facts . . . are insufficient grounds for piercing the corporate veil"). And, Plaintiffs cannot allege that respecting CSSE's corporate form would lead to fraud or injustice. To meet this standard, they must allege facts showing CSSE was "a corporate sham entity" with no legitimate business activities, an untenable assertion for this publicly traded and regulated company. *Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 538 (Cal. Ct. App. 2000); *In re Worth Collection*, 666 B.R. at 740 ("corporation must be a sham and exist for no other purpose than . . . fraud"). There are also no allegations of the basis for accusing Ms. Newmark of being Redbox's alter ego.

Similarly, the FAC fails to plead any facts, much less particularized facts under Rule 9(b), to state a plausible claim that Ms. Newmark is liable on an aiding and abetting theory. Rule 9(b)'s heightened pleading standard applies to aiding-and-abetting claims sounding in fraud. *See Galaxia*

*Elecs. Co.*, *LTD v. Luxmax, U.S.A.*, No. LA CV 16-05144 JAK(GJSX), 2023 WL 2347085, at \*22 (C.D. Cal. Feb. 1, 2023) (citing *Grassi v. Moody's Invs. Servs.*, 540 F. App'x 737, 738 (9th Cir. 2013)); *Alsco, Inc. v. Premier Outsourcing Plus, LLC*, No. CV 19-1631-CFC, 2020 WL 4209192, at \*7 (D. Del. July 22, 2020) (dismissing aiding and abetting fraud claim for failure to satisfy Rule 9(b)), *report and recommendation adopted*, 2020 WL 4501921 (D. Del. Aug. 5, 2020). "'California courts have long held that liability for aiding and abetting depends on proof the defendant had actual knowledge of the specific primary wrong the defendant substantially assisted.'" *Galaxia Elecs. Co., LTD v. Luxmax, U.S.A.*, No. LA CV16-05144 (PLAX), 2024 WL 3550378, at \*3 (C.D. Cal. June 5, 2024) (quoting *Casey v. U.S. Bank Nat'l Assn.*, 127 Cal. App. 4th 1138, 1145, (2005)); *Zazzali v. Hirschler Fleischer, P.C.*, 482 B.R. 495, 517 (D. Del. 2012) (dismissing aiding and abetting fraud claim for failing to plead facts that defendant "had knowledge of [the] fraudulent scheme").

The FAC mentions aiding and abetting once, alleging that "Plaintiffs are informed and believe that . . . each Defendant aided and abetted the acts and omissions of . . . the other Defendants."  (FAC ¶ 11.)  This conclusory allegation does not show Ms. Newmark had actual knowledge of fraud by any other Defendant or substantially assisted it.  Nor does the FAC adequately allege fraud by any other Defendant to support this specious theory.

**III.** **Count II For Conversion Fails To State A Claim Under Rule 12(b)(6).**

Count II seeks to hold Ms. Newmark personally liable for "failing to pay" Plaintiffs' "wages earned for work performed."  (FAC ¶¶ 83, 85.)  The Court should dismiss Count II with prejudice because California law does not recognize a claim for common-law conversion of wages.

*See Voris v. Lampert*, 7 Cal. 5th 1141, 1145, 1162 (2019).[10]   In *Voris*, an employee, after successfully suing his corporate employers for nonpayment of wages under the Labor Code, sued a part-owner seeking to hold him personally liable for the same unpaid wages on a theory of common-law conversion, separate from and in addition to Labor Code remedies.   *Id*. at 1144-1145. Voris alleged "a right to money that did once exist, but which he believe[d] was squandered" by his employers' financial mismanagement and misconduct.   *Id*. at 1145, 1153.   The California Supreme Court "decline[d] to supplement the existing set of remedies [in California] for wage nonpayment with an additional tort remedy in the nature of conversion."   *Id*. at 1163.   In short, *Voris* forecloses any claim against Ms. Newmark for alleged conversion of Plaintiffs' wages.

**IV.**   **Counts III Through VIII Under The Labor Code Fail Under Rules 8 And 12(b)(6).**

    **A.**   **Ms. Newmark Has No Personal Liability For Any Labor Code Violation.**

Counts III through VIII allege Labor Code violations against Ms. Newmark pursuant to Labor Code § 558.1 based solely on her alleged status as a director or officer (though in reality she was not an officer).   (*See* FAC ¶ 23.)   That section extends liability to an "owner, director, officer . . ." who "violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802" of the Labor Code.   Cal. Lab. Code § 558.1(a), (b); *see also Reyes v. Five Diamond Cold Storage, Inc*., No. 1:24-cv-00028-JLT-SAB, 2024 WL 3011123, at *11 (E.D. Cal. June 11, 2024), *report and recommendation adopted*, 2024 WL 3252911 (E.D. Cal. July 1, 2024).   The Court should dismiss these Counts because the FAC fails to plead any facts showing Ms. Newmark *caused* any Labor Code violation.

Section 558.1 "does not enable courts to, in effect, pierce the corporate veil to hold

---

[10] The FAC does not allege what state's law applies to the common-law claims.  While Ms. Newmark does not concede California law applies, given that the FAC largely concerns statutory claims under California law, Plaintiffs cannot credibly argue conversion was not pled under California law when they realize no such claim exists.

corporate owners, shareholders, or other officers liable for wrongdoing committed by the employer corporation." *Roush v. MSI Inventory Serv. Corp.*, No. 2:17-CV-1010-JAM-KJN, 2018 WL 3637066, at *3 (E.D. Cal. July 30, 2018). Personal liability attaches only "if they themselves acted to violate or cause the violation of California's labor laws." *Id.*

To "cause" a Labor Code violation, an individual must have engaged in some affirmative action beyond their status as an owner, director, or officer. *See Russo v. Fed. Med. Servs., Inc.*, 744 F. Supp. 3d 914, 920-21 (N.D. Cal. 2024). The individual must (1) have been directly involved in the alleged violation, or (2) have had sufficient participation in managing or overseeing the activities of those persons directly responsible for the alleged violation. *See Usher v. White*, 64 Cal. App. 5th 883, 896-97 (2021). Courts dismiss claims that do not allege individual wrongdoing. *See Carter v. Rasier-CA, LLC*, No. 17-cv-00003-HSG, 2017 WL 4098858, at *5 (N.D. Cal. Sept. 15, 2017), *aff'd*, 724 F. App'x 586 (9th Cir. 2018); *Roush*, 2018 WL 3637066, at *3; *Rios v. Linn Star Transfer, Inc.*, No. 19-cv-07009-JSC, 2020 WL 1677338, at *6 (N.D. Cal. Apr. 6, 2020).

Here, the FAC alleges only upon information and belief that Ms. Newmark:

violated, or caused to be violated, Labor Code sections or provisions regulating hours and days of work within the definition of Labor Code § 558.1 and is therefore liable for such wage and hour violations pursuant to such statutes. Plaintiffs are further informed and believe that Defendant Newmark had a direct and/or active role that caused the legal violations alleged herein . . .

(FAC ¶ 23.) This vague and conclusory allegation merely parrots § 558.1, which is insufficient to state a plausible claim of personal liability against Ms. Newmark. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice"). The FAC is otherwise devoid of facts specifying what action Ms. Newmark took – beyond her alleged status as director or officer – that links her to any Labor Code violation, directly or by oversight of other personnel "with human resources background and . . . knowledge of the requirements of wage and hour laws." (FAC ¶ 72.)

15

### B.      Count III Fails Under Rule 8.

The Court should dismiss Count III, alleging failure to pay "all wages due . . . in compliance with California Labor Code."  (FAC ¶ 91.)  Count III does not specify which sections form the basis of Plaintiffs' claims.  Therefore, it fails to give Ms. Newmark "adequate notice of the claims brought against [her] and the grounds upon which each claim rests," as required under Rule 8, and constitutes the sort of "shotgun" pleading that is disfavored in this Circuit.  *Adger v. Carney*, C.A. No. 18-2048-LPS, 2020 WL 1475422, at *7 (D. Del. Mar. 26, 2020) (citation omitted).  At most, Count III is duplicative of Plaintiffs' other wage claims under the Labor Code, and should be dismissed for the same reasons these claims should be dismissed, i.e., failure to state plausible claims or to allege any facts to hold Ms. Newmark personally liable under § 558.1.  (*See* §§ IV.A. – IV.H.)

### C.      Count IV Under Labor Code § 204 Fails To State A Claim.

Plaintiffs cannot allege a plausible claim against Ms. Newmark under Labor Code § 204, which requires wage payments on a semi-monthly basis, because California does not recognize individual liability under this section.  *See Rios*, 2020 WL 1677338, at *3.  "By its plain terms," § 558.1, which extends liability for enumerated Labor Code violations to an individual who is an "owner, director, officer, or managing agent" "acting on behalf of an employer," does not incorporate, and thus does not apply to, § 204.  *Id*. at *3-4 (citing § 558.1(a) (listing only "Sections 203, 226, 226.7, 1193.6, 1194, or 2802" as within its coverage); *see also See's Candy Shops, Inc. v. Super. Ct*., 210 Cal. App. 4th 889, 904-05 (2012) ("[T]he sole purpose of [§ 204] is to require an *employer* of labor . . . to maintain two regular pay days each month.") (emphasis added).

The FAC also fails to allege even the most basic facts to state a plausible § 204 claim, although this information is within Plaintiffs' knowledge.  For example, Plaintiffs do not allege how often they were paid (or not paid), or whether any of them was not paid on a semi-monthly

16

basis at any time.  *See Barajas v. Blue Diamond Growers Inc.*, No. 1:20-CV-0679 JLT SKO, 2022 WL 1103841, at *21 (E.D. Cal. Apr. 13, 2022) (dismissing § 204 because plaintiffs did not allege how frequently they received paychecks such that the court could assess whether plaintiffs plausibly alleged existence of a violation).  Granting leave to amend to cure these pleading deficiencies would be futile because individual liability does not exist under § 204.  *See Perez v. DNC Parks & Resorts at Sequoia*, No. 1:19-cv-00484 DAD-SAB, 2020 WL 4344911, at *6 (E.D. Cal. July 29, 2020) (dismissing with prejudice where plaintiffs "were already given the opportunity to cure . . . and failed to make any effort to do so," thus, "granting further leave to amend . . . would be futile and prejudicial to defendants").  The Court should dismiss Count IV with prejudice.

### D.    Count V Under Labor Code § 221 Fails To State A Claim.

Plaintiffs cannot allege a plausible claim against Ms. Newmark under Labor Code § 221, prohibiting "any *employer* to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."  Cal. Lab. Code § 221 (emphasis added).  There is no individual liability under § 221, which expressly extends liability only to "employer[s]."  *Id*. Section 558.1 does not incorporate, and thus, does not apply to, § 221.  *See* Cal. Lab. Code § 558.1 (listing only "Sections 203, 226, 226.7, 1193.6, 1194, or 2802" as within its coverage).  *Accord Rios*, 2020 WL 1677338, at *3 (holding same as to §§ 201 and 204, which are limited only to "employers," not individual owners, directors, officers, or managing agents "acting on behalf of an employer" within the meaning of § 558.1); *Cordell v. PICC Lines Plus LLC*, No. 16-cv-01814-TEH, 2016 WL 4702654, at *8 (N.D. Cal. Sept. 8, 2016) (dismissing with prejudice § 201 claim against individual defendant because it imposes liability only on "employers").

The FAC also fails to allege even the most basic facts to state a plausible § 221 claim.  *See Barajas*, 2022 WL 1103841, at *21 (dismissing § 221 because plaintiffs failed to allege how defendant "collected" wages).  For example, Plaintiffs do not allege any facts showing they

participated in any employee benefit programs subject to payroll deductions, actually contributed to any such employee benefit programs, experienced any instances where they had wages deducted from their paychecks that were not properly allocated, or the nature or amount of any individual losses they suffered as a result. Granting leave to amend to cure these pleading deficiencies would be futile because individual liability does not exist under § 221. *See Perez v*, 2020 WL 4344911, at *6. The Court should dismiss Count V with prejudice.

       **E.**     **Count VI Under Labor Code § 2802 Fails To State A Claim.**

The Court should dismiss Count VI because the FAC fails to plead sufficient facts to state a plausible claim under Labor Code § 2802(a), which requires reimbursement of "necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties," Cal. Lab. Code § 2802, or any basis on which to hold Ms. Newmark personally liable.

The FAC alleges that "Plaintiffs are informed and believe . . . that they would be reimbursed for business-related expenses," and they were not reimbursed "for expenses incurred as a condition of the discharge of their employment duties." (FAC ¶¶ 63, 105.) Beyond these vague and conclusory recitations of the elements of a § 2802 violation, Plaintiffs do not allege any facts showing what their job duties were or whether those duties required them to incur business-related expenses, or more importantly, whether any Plaintiff actually incurred any business-related expenses that were both "necessary" and unreimbursed, the reasons why, or the amount of any such "necessary" unreimbursed expenses. Without these basic facts, which are within Plaintiffs' knowledge, the FAC fails to state a plausible § 2802 claim. *See Hassell v. Uber Technologies, Inc*., No. 20-cv-04062-PJH, 2020 WL 7173218, at *3 (N.D. Cal. Dec. 7, 2020) (dismissing § 2802 claim because plaintiff did not allege he incurred any unreimbursed expenses, or the nature or amount of any unreimbursed expenses to assess whether he plausibly alleged a violation occurred).

The FAC also contains no factual allegations specifying any action Ms. Newmark took that links her to any alleged violations of § 2802, without which there is no basis to hold her personally liable under § 558.1.  (*See* § IV.A.)

### F.    Count VII Under Labor Code § 226(a) Fails To State A Claim.

The Court should dismiss Count VII because the FAC fails to plead sufficient facts to state a plausible claim under Labor Code § 226(a), authorizing statutory penalties for an employer's "knowing and intentional failure" to provide itemized wage statements, Cal. Lab. Code § 226(a), or any basis on which to hold Ms. Newmark personally liable.

Plaintiffs seek penalties under § 226(e).  (FAC ¶ 110.)  But, non-compliant wage statements alone do not warrant penalties: an employee must show an injury flowing from the non-compliance.  *See Hill v. Pacific Maritime Assoc.*, No. 24-cv-00336-JSC, 2025 WL 1282628, at *3 (N.D. Cal. May 2, 2025).  This injury requirement is met only if an employer does not include the nine items in § 226(a), *and* (2) as a result, employees "cannot promptly and easily determine," from the wage statement, the information in § 226(e)(2)(B)(i)-(iv).  Cal. Lab. Code § 226(e)(2)(B).

The FAC fails to allege any facts satisfying either prong of the injury requirement.  The FAC does not allege that any Plaintiff received at any time any wage statement that did not include any of the nine required items, which is a sufficient ground to dismiss the § 226(a) claim.  The FAC's vague and conclusory allegation that Plaintiffs "were unable to determine the proper amount of wages owed to them, and whether they had received full compensation," is inadequate without additional facts identifying what information set forth in § 226(e)(2)(B) was missing, or explaining how that missing information prevented Plaintiffs from calculating their wages.

Instead, Plaintiffs' theory is that, because they were not paid "full compensation," the wage statements were by default "entirely inaccurate."  (FAC ¶ 109.)  That is insufficient to state a claim under § 226(a) because it is derivative of the other inadequately plead wage claims.  *See Hill*, 2025

19

WL 1282628, at *3 (dismissing § 226(a) claim based on inadequately plead wage and hour claims).

The FAC also contains no factual allegations specifying any action Ms. Newmark took that links her to any alleged violations of § 226(a), without which there is no basis to hold her personally liable under § 558.1.  (*See* § IV.A.)

### G.    Count VIII Under Labor Code §§ 201-203 Fails To State A Claim.

#### 1.    The FAC Fails To State A Claim Under §§ 201-202.

Plaintiffs cannot allege a plausible claim against Ms. Newmark under §§ 201-202, which require an "*employer*" to make timely payment of final wages.  Cal. Lab. Code §§ 201-202 (emphasis added).  There is no individual liability under §§ 201-202, which expressly extend liability only to "employers."  *Id*.  Section 558.1 does not incorporate, and thus, does not apply to, §§ 201-202.  *See* Cal. Lab. Code § 558.1 (listing only "Sections 203, 226, 226.7, 1193.6, 1194, or 2802" as within its coverage); *see also Rios*, 2020 WL 1677338, at *3 (holding same as to §§ 201 and 204, which are limited only to "employers," not individual owners, directors, officers, or managing agents "acting on behalf of an employer" within the meaning of § 558.1); *Cordell*, 2016 WL 4702654, at *8 (dismissing with prejudice § 201 claim against individual defendant because it imposes liability only on "employers" and not "persons acting on behalf of the[ir] employers").

The FAC also fails to allege even the most basic facts to state plausible §§ 201-202 claims, although this information is certainly known to Plaintiffs.  For example, Plaintiffs allege no facts concerning the nature or amount of any final wages they contend they are owed.  *See Reyes*, 2024 WL 3011123, at *7 (dismissing §§ 201-202 claims for failing to allege any non-conclusory facts regarding final wages); *Boyack v. Salon Mgmt. Corp.*, No. SACV 18-01233 AG (DFMX), 2019 WL 1744855, at *5 (C.D. Cal. Feb. 11, 2019) (dismissing §§ 201-202 claims because plaintiffs allege "virtually no facts whatsoever to support [final wage claims]," including final wages owed, and instead "parrot the statutory language underlying their claims and conclude Defendants failed

to abide by that language"), *aff'd sub nom. Boyack v. Regis Corp.*, 812 F. App'x 428 (9th Cir. 2020); *Perez*, 2020 WL 4344911, at *8 (same). Granting leave to amend would be futile because individual liability does not exist under §§ 201-202. *See id.* at *6. The Court should dismiss Count VIII's claims under §§ 201-202 with prejudice.

### 2. The FAC Fails To State A Claim Under § 203.

The Court should dismiss Count VIII's claims under § 203, which imposes waiting time penalties for "willful" violations of §§ 201-202, Cal. Lab. Code § 203, because the FAC does not plead any facts plausibly alleging predicate violations of §§ 201-202, much less willful violations, or any basis on which to hold Ms. Newmark personally liable.

Section 203 claims are derivative: failure to state an underlying violation of §§ 201-202 mandates dismissal. *See Barajas v. Blue Diamond Growers Inc.*, No. 1:20-CV-0679 JLT SKO, 2023 WL 2333548, at *20 (E.D. Cal. Mar. 2, 2023) ("Because Plaintiffs failed to allege sufficient facts to support a claim for violations of Sections 201 and 202, the claim for waiting time penalties fails."); *Reyna v. WestRock Co.*, No. 20-cv-01666-BLF, 2020 WL 5074390, at *9 (N.D. Cal. Aug. 24, 2020) (same). Here, Plaintiffs' § 203 claim fails because their §§ 201-202 claims fail.

Even assuming the FAC adequately alleges underlying violations of §§ 201-202, which it does not, the FAC fails to allege any facts that such violations were willful. The FAC alleges only that "Plaintiffs are informed and believe that Defendants willfully and knowingly failed to pay Plaintiff and the members of the plaintiff class, upon termination of employment, all accrued compensation." (FAC ¶ 70.) This "[t]hreadbare recital[]" of § 203's willfulness element is insufficient to state a plausible claim. *Iqbal*, 556 U.S. at 678-79; *see also Reyes*, 2024 WL 3011123 at *8 (dismissing § 203 claim because plaintiff "offers no facts supporting her allegation that Defendants 'willfully' failed to pay wages upon her unspecified termination or resignation," and alleges conduct must have been willful simply because it was "not inadvertent or accidental").

Finally, the FAC also contains no factual allegations specifying any action Ms. Newmark

took that links her to any alleged violations of §§ 201-202, without which there is no basis to hold

her personally liable under § 558.1.  (*See* § IV.A.)

### H.    Claims Under Labor Code §§ 510, 512, 1194, Or 1197 Fail To State Claims.

To the extent the FAC purports to bring claims under Labor Code §§ 510, 512, 1194, or

1197, even though it only mentions them in passing once, (*see* FAC ¶ 7 (Plaintiffs "are informed

and believe" they were "deprived of the rights guaranteed to them by . . . §§ 510, 512, 1194,

1197")), the Court should dismiss them for failing to allege facts to state a plausible claim.

Sections 510, 1194, and 1997 regulate minimum wages and maximum work hours.  *See*

Cal. Lab. Code § 510 (maximum work hours); § 1194 (overtime wages); § 1197 (minimum wages).

To state minimum or overtime wage claims under §§ 510, 1194, and 1197, Plaintiffs must identify

"'at least one workweek when [they] worked in excess of forty hours and [were] not paid for the

excess hours in that workweek, or [were] not paid minimum wages.'"  *Reyes*, 2024 WL 3011123,

at *6 (quoting *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014) (holding that,

post-*Iqbal*, conclusory allegations that merely recite the statutory requirements of wage-and-hour

claims under the FLSA are inadequate to state a plausible claim)); *see also Cook v. Land O'Lakes,

Inc.*, No. 1:20-CV-00553-NONE-SAB, 2020 WL 5633045, at *8 (E.D. Cal. Sept. 21, 2020)

(recognizing that *Landers* also applies to Labor Code claims), *report and recommendation

adopted*, 2020 WL 5983346 (E.D. Cal. Oct. 8, 2020).

The FAC fails to allege any facts required under *Landers* to state a plausible claim.

Although within their knowledge, Plaintiffs do not identify any workweek in which any of them

was paid less than the minimum wage or worked more than the maximum hours without being

paid overtime.  *See Reyes*, 2024 WL 3011123, at *6 (dismissing §§ 510, 1194, and 1197 claims

because plaintiff failed "to identify any workweek where she worked in excess of forty hours and

was not paid for the excess hours in that workweek or was not paid minimum wages"). The FAC does not even allege whether any Plaintiff was an hourly employee, or any other facts from which the Court could infer what hours any Plaintiff typically worked during a workweek, their hourly wage rate, or an estimated amount of minimum and overtime wages owed. *See id*. The FAC's vague and conclusory allegation that Plaintiffs "were not routinely paid for all wages" is woefully insufficient to state a plausible claim under *Landers* because it does not identify what constitutes "routine" and whether that represented an average workweek. *Id*. at *7 (collecting cases).

The FAC also contains no factual allegations specifying any action Ms. Newmark took that links her to any alleged violations of §§ 510, 1194, or 1197, without which there is no basis to hold her personally liable under § 558.1. (*See* § IV.A.)

Finally, § 512 requires employers to provide non-exempt employees with a thirty-minute meal period for every five hours of work. *See* Cal. Lab. Code § 512; *Reyes*, 2024 WL 3011123, at *4. The Court should dismiss any claim based on § 512 because the FAC fails to allege any facts showing (1) any Plaintiff was a non-exempt employee, who worked more than five hours a day on any given day, and on that day, was deprived of a meal period, or (2) that Ms. Newmark, a CSSE director, had anything to do with when or how long any employee took meal breaks.

## V.    Count IX Under The FLSA And Declaratory Judgment Act Fails To State A Claim.

### A.    The FAC Fails To Plead Sufficient Facts To State An FLSA Violation.

The Court should dismiss Count IX because the FAC fails to plead sufficient facts to state a plausible claim under the FLSA's minimum and overtime wage requirements, 29 U.S.C. §§ 201, 206-207. Nor does the FAC plead any basis on which to hold Ms. Newmark personally liable.

Plaintiffs' FLSA claims are duplicative of their §§ 510, 1194, and 1197 claims for failure to pay minimum and overtime wages, and should be dismissed for failure to meet the requirements to state a plausible claim under *Landers*. (*See* § IV.H.) *See also Barajas*, 2023 WL 2333548, at

*10-11 (noting that, "[f]ollowing *Landers*, courts repeatedly found allegations corresponding to the elements for an FLSA claim could not withstand a motion to dismiss," and dismissing FLSA claims alleging only that overtime violations occurred "routinely"); *Scott v. Cintas Corp.*, No. 3:23-cv-05764-JSC, 2024 WL 1421277, at *3 (N.D Cal. Apr. 2, 2024) (dismissing FLSA overtime claims based on conclusory allegation that employer "failed to pay [plaintiff] the overtime wages" he was entitled to under the FLSA); *Perez*, 2020 WL 4344911, at *8 (dismissing FLSA claims because plaintiffs could have, but did not, "allege facts demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages").

The FAC also contains no factual allegations showing that Ms. Newmark qualifies as an "employer" subject to potential liability under the FLSA. FLSA liability extends to individuals who "exercise[] 'control over the nature and structure of the employment relationship,' or 'economic control' over the relationship." *Lowenthal v. Quicklegal, Inc.*, No. 16-cv-03237-LB, 2016 WL 5462499, at *8 (N.D. Cal. Sept. 28, 2016) (quoting *Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009)). The FAC does not allege any facts showing that Ms. Newmark exercised the required control over any Plaintiffs. Mere "officer-, director-, or majority-shareholder-status alone is [not] sufficient to qualify as an 'employer'" liable under the FLSA. *Id*. at *9.

**B.    The FAC Fails To Plead Adequate Facts To Support A Declaratory Judgment.**

Plaintiffs also fail to state a claim for a declaration that they are entitled to relief under the FLSA pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. (*See* FAC ¶ 35 (alleging that Plaintiffs seek a declaration that they are entitled to "unpaid wages and other compensation thereon, liquidated damages, costs of suit, attorney's fees and other relief under the FLSA").) That section provides that a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a); *see also Hassell*, 2020 WL 7173218, at *10 (holding that federal court's

authority under the Declaratory Judgment Act is "permissive") (citing *GEICO v. Dizol*, 133 F.3d 1220, 1222-23 (9th Cir. 1998)); *see also Pennsylvania Mfgs. Indem. Co. v. Six Continents Hotels, Inc.*, No. CV 22-1603-RGA, 2023 WL 7217063, at *3 (D. Del. Nov. 2, 2023), *report and recommendation adopted*, 2024 WL 1251297 (D. Del. Mar. 22, 2024).

Plaintiffs' declaratory judgment claim fails for three reasons. First, as stated above, Plaintiffs fail to state a plausible FLSA violation or that Ms. Newmark is personally liable for any such violation. (*See* § V.A.) Thus, Plaintiffs lack any basis to obtain the requested declaration against her. *See Hassell*, 2020 WL 7173218, at *10 (granting motion to dismiss claim seeking declaration that defendant "violated" the Labor Code because plaintiff failed to state any predicate violations of the Code). Second, Plaintiffs fail to allege, as they must, that there is no adequate remedy at law for the alleged wage-and-hour violations under either the FLSA or the Labor Code. *Id*. at *11. "A claim for declaratory relief is unnecessary where an adequate remedy exists under some other cause of action." *Mangindin v. Wash. Mut. Bank*, 637 F. Supp. 2d 700, 707 (N.D. Cal. 2009); *see also Kerns v. Dukes*, 153 F.3d 96, 111 n.6 (3d Cir. 1998) (same). Third, Plaintiffs seek a declaration only as to the legality of "Defendants'" alleged past conduct, which is not grounds to obtain a declaration. *See Taggart v. Saltz*, 855 F. App'x 812, 815 (3d Cir. 2021) ("A declaratory judgment is available to define the legal rights of parties, not to adjudicate past conduct where there is no threat of continuing harm."); *see also Continental Cas. Co. v. Nationwide Mut. Ins. Co*., No. CV 14–07326–GW (PLAX), 2014 WL 12607694, at *7 (C.D. Cal. Nov. 3, 2014) (same).

## VI.    <u>Any Claim Under The UCL Fails To State A Claim Under Rule 12(b)(6).</u>

To the extent the FAC purports to bring a UCL claim for equitable restitution of wages and/or disgorgement of profits, even though Plaintiffs do not plead a cause of action under this

statute and only mention it in passing,[11] the Court should dismiss it for the following reasons.

Plaintiffs fail to allege no adequate remedy at law, which is a necessary element of a UCL claim. *See Treadstone Servs. PC v. Aetna Life Ins. Co.*, No. 8:23-CV-01467-FWS-KES, 2025 WL 740178, at *8 (C.D. Cal. Feb. 7, 2025) ("A plaintiff seeking equitable relief under the UCL in federal court must comply with traditional equitable principles, including establishing that there is no adequate remedy at law available."). The only monetary remedy available in a private UCL action is equitable restitution. *See Boone v. Amazon.com Servs., LLC*, 562 F. Supp. 3d 1103, 1127 (E.D. Cal. 2022) (citing *Clark v. Super. Ct.*, 50 Cal. 4th 605, 613 (2010)). To recover equitable restitution for past harm under the UCL, Plaintiffs "must establish that [they] lack[] an adequate remedy at law." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).

The gravamen of the FAC is damages for alleged past failure to pay wages and to transfer payroll deductions. (*See, e.g.*, FAC ¶¶ 1, 4, 30, 50-55, 57-58.) The FAC does not distinguish Plaintiffs' request for equitable restitution under the UCL from their request for damages under their other claims. Because Plaintiffs' UCL claim is based on the same conduct as claims seeking damages, it must be dismissed. *See Boone*, 562 F. Supp. 3d at 1127 (dismissing UCL claim seeking unpaid wages and overtime for failure to plead no adequate remedy at law); *Treadstone*, 2025 WL 740178, at *8 (dismissing UCL claim based on conduct underlying other claims for damages).

The UCL claim is derivative of other inadequately plead claims. (*See* §§ II-V.) "Where a plaintiff cannot state a claim under the 'borrowed' law, they cannot state a UCL claim either." *Reyes*, 2024 WL 3011123, at *9 (dismissing UCL claim based on inadequately plead Labor Code claims); *Barajas*, 2023 WL 2333548, at *22-23 (same); *Hassell*, 2020 WL 7173218, at *10 (same).

The FAC fails to allege any non-conclusory facts sufficient to hold Ms. Newmark

---

[11] (*See* FAC ¶ 7 (alleging Plaintiffs "are informed and believe" they were "deprived of the rights guaranteed to them by . . . California Business and Professions Code § 17200, *et seq.*").)

personally liable on any of the other causes of action, either directly or indirectly under an alter ego or aiding and abetting theory, for the reasons stated above. (*See* §§ II-V.) Therefore, she cannot be held personally liable on a derivative UCL claim. *See Russo*, 744 F. Supp. 3d at 924 (dismissing derivative UCL claim against owner for failure to state predicate Labor Code and FLSA claims).

Non-restitutionary disgorgement of profits is not an available remedy in a UCL individual or representative action. *See Barajas*, 2022 WL 1103841, at *23-24 (citing *Madrid v. Perot Systems Corp.*, 130 Cal. App. 4th 440, 460 (2005)). Because the FAC's request focuses on CSSE's alleged unjust enrichment, (*see, e.g.*, FAC ¶ 6), it is indisputably one for non-restitutionary disgorgement and must be dismissed. *See Barajas*, 2022 WL 1103841, at *23-24 (striking request for disgorgement of defendant's "ill-gotten gains" as unavailable remedy under UCL).

## VII.    <u>The Court Should Disallow Plaintiffs' Attempt To Pursue Their Claims As A Class.</u>

If any claim survives or is dismissed without prejudice (and none should), the Court should address now whether to allow, in its discretion, extension of Fed. R. Civ. P. 23 ("Rule 23") to contested matters under the factors in *In re Musicland Holding Corporation*, 362 B.R. 644 (Bankr. S.D.N.Y. 2007). Under these factors, a class action should not be allowed in this court.

There is no "absolute right" to file a class proof of claim, and a bankruptcy court's decision to extend Rule 23 to contested matters is discretionary. *Id.* at 650; *see also* Fed. R. Bankr. P. 9014 (excluding Bankruptcy Rule 7023 from rules applying in contested matters, and permitting application of that Rule only by court order). This Court has applied the *Musicland* factors to disallow class actions, and it should do so here. *See In re Chapparral Energy, Inc.*, No. 16-11144 (LSS), 2018 WL 818309, at *4 (Bankr. D. Del. Feb. 9, 2018) (applying *Musicland* factors to sustain debtors' objection to class proof of claim).

*Musicland* arose out of a fact pattern similar to the *Skajem* lawsuit.  The *Musicland* plaintiffs, former in-store managers, filed a pre-petition class action in California state court, alleging overtime claims, but a class was never certified because Musicland filed for chapter 11 bankruptcy.  *See Musicland*, 362 B.R. at 647-48.  When the plaintiffs moved for Rule 23 certification, the debtors and creditors committee objected, prompting the court to analyze whether to allow application of Rule 23.  *See id*. at 649-50.  The court articulated three factors that bankruptcy courts must evaluate to determine whether to allow a class proof of claim:  (1) whether the class was certified pre-petition; (2) whether putative class members received notice of the claims bar date; and (3) whether class certification will adversely affect the estate's administration. *See id*. at 654.  First, there was no class certification pre-petition.  *Id*. at 656.  Second, while the California court did not issue formal notice of the class action, the court found the fact that the plaintiffs' lawyers asserted they conducted extensive pre-filing interviews, and the plaintiffs had filed proofs of claims, supported a conclusion that "many of the class members should have been aware that they might have claims." *Id*.  The court also noted that any creditor that did not receive notice of the claims bar date could seek an extension.  *See id*. at 656 n.13.  And, third, the court found a class action would extend the proceedings to the prejudice of other creditors who timely filed claims.  *See id*. at 656-57.  Thus, the court denied the plaintiffs' request for class certification.

Here, as in *Musicland*, the first factor weighs against extending Rule 23 to Plaintiffs' claims, as the putative class was not certified pre-petition.  *See Musicland*, 362 B.R. at 654 (without pre-petition certification, class members had no reasonable expectation that they did not have to comply with the claims bar date); *see also In re Sacred Heart Hosp. of Norristown,* 177 B.R. 16, 22 (Bankr. E.D. Pa. 1995) (denying class proof of claim because unnamed class members rely on notice procedures in the class action where the class is certified pre-petition).

As to the second factor, whether all putative class members received notice of the claims bar date will weigh against allowing the class proof of claim. The 341 notice was filed on July 22, 2024 (three days after Plaintiffs sued in California), setting a September 18, 2024 deadline for non-governmental claimants to file proofs of claim. This notice was effective as to some, but not all creditors or employees. Two days later, Plaintiffs' counsel asserted at his press conference (like the *Musicland* plaintiffs' lawyers) that they spoke with hundreds of employees and announced they intended to assert the employees' claims in the bankruptcy court. (*See* n.9.) As in *Musicland*, "if [Mr. Adler] conducted as many pre-filing interviews as [he] claimed, many of the class members should have been aware that they might have claims." *Musicland*, 362 B.R. at 656. Indeed, Mr. Skajem timely filed a proof of claim signed by Plaintiffs' counsel on August 5, 2024, which he amended on October 4, 2024. Regardless, the Trustee has yet to file the schedules that provide notice of the bar date to *all* creditors. So, once the schedules are filed, the Court will need to set a new claims bar date to put putative class members on notice. Thus, a class action is unnecessary, and this factor does not a present a reason to allow one. *See id.*; *Sacred Heart*, 177 B.R. at 24.

The third factor likewise weighs against extending Rule 23 because "[a]llowing the Class Claim[] to go forward would unduly complicate and delay the administration of th[is] case[]." *In re Circuit City Stores, Inc.*, No. 08–35653, 2010 WL 2208014, at *6 (Bankr. E.D. Va. May 28, 2010) (allowing class claims to proceed would delay administration and would be more costly than beneficial), *aff'd*, 439 B.R. 652 (E.D. Va. 2010). Debtors' estate will be forced to deal with "expensive, time-consuming, protracted litigation that could delay and lessen the distribution of the Debtors' assets to [its] creditors." *Id.*; *see also In re Ephedra Prods. Liab. Litig.*, 329 B.R. 1, 5 (S.D.N.Y. 2005) (stating that "the potential interference with timely distribution in itself presents sufficient grounds to expunge the class claims" based on the protracted litigation that would result,

including precertification discovery, notice to class members, discovery on the merits, and a trial). Here, Plaintiffs' class proof of claim named non-debtor individuals and "Doe Defendants." As such, the reference will have to be withdrawn to the District Court for trial and this Court will not have jurisdiction to enter final orders anyway. Moreover, each employee's claims will need to be separately adjudicated. Unlike a class action, the bankruptcy claims process can more expeditiously address disputed, individualized claims without the need to include non-debtors in what ought to be a straightforward claims resolution process. As the *Musicland* court emphasized, "[b]ankruptcy provides the same procedural advantages as a class action. In fact, it provides more advantages. Creditors, even corporate creditors, don't have to hire a lawyer, and can participate in the distribution for the price of a stamp." *Musicland*, 362 B.R. 650 n.8.

## CONCLUSION

Ms. Newmark requests dismissal all claims against her with prejudice. To the extent any claims survive, and they should not, Ms. Newmark requests that the Court disallow the putative class claim, and/or grant such other and further relief as the Court deems just and appropriate.

Dated: June 20, 2025
Wilmington, DE

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Donald J. Detweiler*
Donald J. Detweiler (DE Bar No. 3087)
1313 N. Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 252-4320
Facsimile:  (302) 252-4330
Email:  don.detweiler@wbd-us.com

-and-

Cathy A. Hinger (admitted *pro hac vice*)
Victoria A. Bruno (admittance *pro hac vice* pending)
2001 K Street, NW
Suite 400 South
Washington, DC 20006
Telephone: (202) 467-6900
Facsimile:  (202) 467-6910
Email:  cathy.hinger@wbd-us.com
Email:  victoria.bruno@wbd-us.com

*Counsel for Defendant Amy L. Newmark*

31