## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC.*, et al.,*[1] | Case No. 24-11442 (MFW) |
| Debtors. | (Jointly Administered) |
| BRIAN SKAJEM, LISA PAPATZIMAS, ERIN TUTTLE, DAVID ELLENDER, DARA COHEN, MATT LOZE, JESSICA STOECKELER, HEATHER BUNDY, CAREY CAMPBELL, KELLY BURKE HOPKINS, COURTNEY SMITH, on behalf of themselves and behalf of all others similarly situated, | Adv. Pro. No. 24-50128 (MFW) |
| Plaintiffs, | |
| v. | |
| CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC., REDBOX AUTOMATED RETAIL, LLC, WILLIAM J. ROUHANA, JR., AMY L. NEWMARK, JOHN T. YOUNG, ROBERT H. WARSHAUER, BART SCHWARTZ, and DOES 1-500, inclusive, | |
| Defendants. | |

## DEFENDANT WILLIAM J. ROUHANA'S REPLY BRIEF
## IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

Counsel Listed on Next Page

---

[1] Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508).

WOMBLE BOND DICKINSON (US) LLP
Donald J. Detweiler (DE Bar No. 3087)
1313 N. Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 252-4320
Facsimile:  (302) 252-4330
Email: don.detweiler@wbd-us.com

Cathy A. Hinger (admitted *pro hac vice*)
Victoria A. Bruno (admitted *pro hac vice*)
2001 K Street, NW
Suite 400 South
Washington, DC 20006
Telephone: (202) 467-6900
Facsimile: (202) 467-6910
Email: cathy.hinger@wbd-us.com
Email: victoria.bruno@wbd-us.com

*Counsel for Defendant William J. Rouhana, Jr.*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................... 1

ARGUMENT ................................................................................................................ 1

    I.       Plaintiffs Have Not Satisfied Their Pleading Burdens As To Any Claim ............... 1

    II.     Plaintiffs' New Theory Of Fraud Fails To State A Claim. .......................................... 4

    III.    Count II For Conversion Of Wages Is Not Cognizable Under California Law. ...................................................................................................................... 6

    IV.    The Court Should Dismiss Counts III Through VIII Under The Labor Code. ...................................................................................................................... 7

         A.      Count III Fails Under Rule 8's Notice Pleading Requirement ..................... 7

         B.      Count IV Fails To State A Claim Because California Law Does Not Recognize Personal Liability Under Labor Code § 204. ............................ 8

         C.      Count V Fails To State A Claim Because California Law Does Not Recognize Personal Liability Under Labor Code § 221. ............................ 9

         D.      Count VI Under Labor Code § 2802 Fails To State A Claim. ................... 10

         E.      Count VII Under Labor Code § 226(a) Fails To State A Claim. ............... 10

         F.       Plaintiffs Have Waived That Count VIII States A Claim. .......................... 11

         G.      Plaintiffs Have Waived Any Argument That The FAC States Claims Under Labor Code §§ 510, 512, 1194, Or 1197. ........................... 12

    V.     Count IX Fails To State An FLSA Claim And Plaintiffs Waived Declaratory Relief. ................................................................................................. 12

    VI.    Plaintiffs Affirmatively Concede They Did Not Bring Any Claim Under The UCL. ............................................................................................................. 13

    VII.   Plaintiffs Offer No Reason Why The Court Should Allow Their Class Claims. .................................................................................................................. 14

    VIII.  The Court Should Deny Plaintiffs' Request For Leave To Amend. ...................... 15

CONCLUSION ........................................................................................................... 15

# TABLE OF AUTHORITIES

Cases

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)............................................................................................1, 10

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)................................................................................................10

*Brown v. Waters,*
    No. CV 21-1493-RGA, 2024 WL 4024738 (D. Del. Sept. 3, 2024) ..................................4, 12, 13

*Burtch v. Zachem (In re TZEW Holdco, LLC),*
    Adv. No. 22-50255, 2023 WL 6140247 (Bankr. D. Del. Sept. 19, 2023).......................................2

*Chapparral Energy, Inc.,*
    No. 16-11144 (LSS), 2018 WL 818309 (Bankr. D. Del. Feb. 9, 2018) .......................................14

*Cordell v. PICC Lines Plus LLC,*
    No. 16-cv-01814-TEH, 2016 WL 4702654 (N.D. Cal. Sept. 8, 2016)...........................................9

*Daggett v. Waterfront Comm'n of New York Harbor,*
    774 F. App'x 761 (3d Cir. 2019) .....................................................................2, 4, 12, 13

*Ford v. Keystone Hum. Servs.,*
    No. CV 22-682-GBW, 2023 WL 6295227 (D. Del. Sept. 27, 2023) ......................................4, 5, 7

*Gatdula v. CRST Int'l, Inc.,*
    No. LACV 11-1285-VAP(OPx), 2017 WL 11093975 (C.D. Cal. Mar. 3, 2017).......................................8, 9

*Gillibeau v. City of Richmond,*
    417 F.2d 426 (9th Cir. 1969)...................................................................................14

*Hassell v. Uber Technologies, Inc.,*
    No. 20-cv-04062-PJH, 2020 WL 7173218 (N.D. Cal. Dec. 7, 2020)...........................................10

*Hill v. Pacific Maritime Assoc.,*
    No. 24-cv-00336-JSC, 2025 WL 1282628 (N.D. Cal. May 2, 2025)...........................................11

*In re Musicland Holding Corp.,*
    362 B.R. 644 (Bankr. S.D.N.Y. 2007)...........................................................................14

*In re Worth Collection, Ltd.,*
    666 B.R. 726 (Bankr. D. Del. 2024) .............................................................................2

*Landers v. Quality Commc'ns, Inc.*,
    771 F.3d 638 (9th Cir. 2014) .................................................12

*M.G. v. Crisfield*,
    547 F. Supp. 2d 399 (D.N.J. 2008) ..........................................7

*Moore v. Jennings*,
    No. CV 24-208 (JLH), 2025 WL 326697 (D. Del. Jan. 29, 2025) ...............10

*Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*,
    836 F.2d 173 (3d Cir. 1988)......................................................4

*Perez v. DNC Parks & Resorts at Sequoia*,
    No. 1:19-cv-00484 DAD-SAB, 2020 WL 4344911 (E.D. Cal. July 29, 2020)............12

*Rios v. Linn Star Transfer, Inc.*,
    No. 19-cv-07009-JSC, 2020 WL 1677338 (N.D. Cal. Apr. 6, 2020) .........8, 9

*See's Candy Shops, Inc. v. Super. Ct.*,
    210 Cal. App. 4th 889 (2012) ....................................................8

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) ...................................................14

*Tilton v. MBIA Inc. (In re Zohar III, Corp.)*,
    639 B.R. 73 (Bankr. D. Del.), *aff'd*, 620 F. Supp. 3d 147 (D. Del. 2022)............5, 8, 11

*Tsai v. Calloway*,
    No. 22-CV-01065-SRF, 2023 WL 6317742 (D. Del. Sept. 28, 2023) ...........4

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ...................................................5

*Voris v. Lampert*,
    7 Cal. 5th 1141 (2019) ...........................................................7

Federal Rules

Fed. R. Civ. P. 15(a)(2) ...............................................................15

  Federal Statutes

29 U.S.C. § 201 .......................................................................3

<u>California Labor Code</u>

Cal. Lab. Code § 225.5 ................................................................................................................9

Cal. Lab. Code § 558.1 .............................................................................................................3, 9

## PRELIMINARY STATEMENT

William J. Rouhana ("Mr. Rouhana"), submits his Reply Brief in Support of Motion to Dismiss ("Motion," Adv. Pro. D.I. 35)[2] the First Amended Complaint ("FAC," Adv. Pro. D.I. 30). Stated simply, Plaintiffs' Answering Brief ("Opposition" or "Opp.," Adv. Pro. D.I. 43), like the FAC, contains conclusory statements, lacks legal or factual support, and is simply incoherent. Accordingly, the claims against Mr. Rouhana in the FAC should be dismissed with prejudice. The Court should similarly deny Plaintiffs' desperate request for leave to amend the FAC, as any such amendment is futile, prejudicial, and will lead to undue delay in resolving Debtors' bankruptcy cases. Indeed, despite three prior opportunities to plead sufficient facts (assuming they exist) against Mr. Rouhana, many of which should be within Plaintiffs' direct knowledge, Plaintiffs fail to state any plausible claim against Mr. Rouhana personally. This is so because no private cause of action exists, no personal liability exists, no coherent theory of liability has been asserted or has otherwise been abandoned by Plaintiffs. To avoid further burden and delay in the claims administration process with costly litigation of baseless claims, the Court should dismiss the FAC. If any former employees believe they have valid claims, they may file individual proofs of claim, which the bankruptcy claims administration process is more than capable of handling.

## ARGUMENT

### I.    Plaintiffs Have Not Satisfied Their Pleading Burdens As To Any Claim.

Plaintiffs flout their pleading burdens. "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A complaint should be dismissed where its factual content does not allow a court 'to draw the reasonable inference that the defendant is liable for the misconduct

---

[2] As used herein, "Adv. Pro. D.I." refers to docket index entries in this Adversary Proceeding, and "D.I." refers to docket index entries in the related bankruptcy cases, Case No. 24-11442 (MFW).

alleged.'"  *Tabachnik v. New Water Capital GP,* LLC, 666 B.R. 726, 735 (Bankr. D. Del. 2024).

The Opposition duplicates large portions of the FAC and simply concludes that they have satisfied their pleading burdens.  (*See* Opp. at 3-8.)  Attorney rhetoric characterizing the allegations as "detailed," "substantial," or "quite extensive" does not make it so.  (*See, e.g.*, *id*. at 3, 10, 11.)  Rather, the Court must look to the allegations on which Plaintiffs rely.  Not one contains facts about Mr. Rouhana or individual actions he took relevant to the elements of Plaintiffs' claims.[3]

Given this wholesale failure to plead facts about Mr. Rouhana's personal involvement, the Opposition rests on the notion that every instance of the term "Defendants" may properly be read as referring to Mr. Rouhana.  (*See* Opp. at 10 (arguing that "all of the allegations pertain to him")).  Group pleading, however, is insufficient to state a claim against Mr. Rouhana individually because Plaintiffs must plead specific facts as to his alleged wrongdoing.  *See Burch v. Zachem (In re TZEW Holdco, LLC)*, Adv. No. 22-50255, 2023 WL 6140247, at *3 (Bankr. D. Del. Sept. 19, 2023) (recognizing that lumping defendants together "without supplying specific facts as to each defendant's wrongdoing" is grounds to dismiss for failure to state a claim).

Acknowledging that they have not alleged sufficient facts showing that Mr. Rouhana had any personal involvement in the alleged violations, Plaintiffs default to an alter ego theory of liability.  (*See* Opp. at 13-14.)[4]  This theory fails, as well.  Plaintiffs do not cite any allegations to satisfy the two-part test for alter ego liability.  (*See* Adv. Pro. D.I. 36 ("Br.") at 12-13 (demonstrating that the FAC fails to allege (1) Mr. Rouhana and CSSE were a "single economic

---

[3] The only alleged wrongdoing directed at Mr. Rouhana, (*see* FAC ¶ 56), is an unactionable opinion that cannot be the basis of a fraud claim, a point Plaintiffs ignore, and thus, concede.  (*See* § II.)

[4] Plaintiffs did not oppose, and thus waive, any argument that Mr. Rouhana is personally liable on an aiding and abetting theory.  *See Daggett v. Waterfront Comm'n of New York Harbor*, 774 F. App'x 761, 764 n.7 (3d Cir. 2019) (finding waiver of argument plaintiffs "failed to address [] in their opposition" to Rule 12(b)(6) motion to dismiss).  An aiding and abetting theory would fail anyway for the reasons set forth in Mr. Rouhana's opening brief.  (*See* Br. at 13-14.)

unit," or (2) CSSE was a "sham entity" with no legitimate business activities).)  Plaintiffs cite only

¶ 60, and argue that it shows "a long-standing pattern of financial misconduct, concealment, and

misrepresentation."  (Opp. at 13-14.)  This paragraph is a generic description of the basic payment

terms under two services and licensing agreements between CSSE and CSS.  It says nothing about

Mr. Rouhana at all, much less alleges any facts satisfying alter ego liability under Delaware law.[5]

Plaintiffs' argument that the FAC pleads sufficient facts to hold Mr. Rouhana personally

liable under § 558.1 of California's Labor Code ("Labor Code") also fails.[6]  Plaintiffs accept that,

to adequately allege that Mr. Rouhana caused a Labor Code violation, they must plead affirmative

action on his part in the alleged violation ***beyond*** mere status as an owner, director, or officer.  (*See*

*id.* at 12.)  But, Plaintiffs do not explain how the FAC satisfies this standard.  They cite ¶ 31, which

is a generalized and conclusory assertion about ascertainability of the proposed class, citing the

short title for the FLSA.  (*See* FAC ¶ 31 (citing 29 U.S.C. § 201).)  It does not mention Mr. Rouhana

or any employment-related action he took.  Plaintiffs also cite ¶¶ 76-83, which rely on improper

group pleading allegations of common-law fraud and conversion (not Labor Code violations), and,

at any rate, do not allege what affirmative actions Mr. Rouhana took with respect to either.

Finally, to satisfy their pleading burdens, Plaintiffs may not rely on deposition testimony

they did not use or supposed "information provided to Plaintiffs after the Complaint was filed,"

which, in any event, they do not describe or explain.  (*See* Opp. 1.)  It is axiomatic that a complaint

---

[5] Moreover, the basic premise of Plaintiffs' theory – that Mr. Rouhana pocketed employee wages, presumably via the fees CSSE paid to CSS – defies reality.  CSS modified its agreements with CSSE to reduce its service fee obligations to CSS by taking stock in lieu of fees.  (*See* Adv. Pro. *Miller v. Chicken Soup, et al*., D.I. 36 at 2, 5-6.)  The intent was to free up additional working capital for CSSE, for the benefit of CSSE as a going concern and its employees, not Mr. Rouhana.
[6] Plaintiffs incorrectly assert § 558.1 is "an umbrella" for other Labor Code violations.  (Opp. at 7).  This section is a narrow provision extending personal liability for violations of six sections of the Labor Code.  *See* Cal. Lab. Code § 558.1.  It is not a catch-all exposing individuals to sweeping liability under the entire Labor Code, and Plaintiffs do not cite any authority for such a proposition.

may not be amended through an opposition brief, and courts should not consider any such new allegations in deciding a Rule 12(b)(6) motion.  *See Ford v. Keystone Hum. Servs.*, No. CV 22-682-GBW, 2023 WL 6295227, at *3 (D. Del. Sept. 27, 2023) (citing *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)).  Moreover, Plaintiffs' vague supposition that formal or informal discovery will provide a basis to state a claim does not satisfy a plaintiff's burden to state a plausible claim capable of surviving at the pleading stage.[7]  Plaintiffs' "inability to marshal additional facts absent discovery cannot save [their] conclusory and speculative allegations from dismissal."  *Tsai v. Calloway*, No. 22-CV-01065-SRF, 2023 WL 6317742, at *7 (D. Del. Sept. 28, 2023) (citation omitted) (granting motion to dismiss).

## II.    <u>Plaintiffs' New Theory Of Fraud Fails To State A Claim.</u>

Plaintiffs did not oppose, and thus waive, any argument that the one statement attributed to Mr. Rouhana in ¶ 56 – an "unofficial, general recommendation for employees to use their own "best judgment" about non-emergency medical care – is an unactionable, generalized opinion.  *See Daggett*, 774 F. App'x at 764 n.7 (finding waiver of argument plaintiffs "failed to address" in their Rule 12(b)(6) opposition brief, and affirming district court's dismissal); *Brown v. Waters*, No. CV 21-1493-RGA, 2024 WL 4024738, at *2 (D. Del. Sept. 3, 2024) (dismissing claims under Rule 12(b)(6) because plaintiff "forfeited any argument that he has stated a claim" by not opposing defendants arguments).  That alone is grounds to dismiss Count I.  (*See* Br. at 10-11.)

Also fatal to Count I, Plaintiffs argue that Mr. Rouhana's statement was actually an "admission that the insurance plans had been cancelled."  (Opp. at 6.)  Because, according to Plaintiffs, health coverage had been cancelled, Mr. Rouhana's statement was true and, as a matter

---

[7] Plaintiffs attended the depositions, (*see* Opp. at 1), which took place **before** Plaintiffs filed the FAC, which does not rely on any testimony.  This is another reason to deny leave to amend on grounds of undue delay, dilatory motive, bad faith, and prejudice to Mr. Rouhana.  (*See* § VIII.)

of law, cannot be the basis of a fraud claim.  *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097,

1105 (9th Cir. 2003) (first element of fraud claim is a material misrepresentation of fact).  This

"admission" also undercuts Plaintiffs' contradictory allegation that Mr. Rouhana misrepresented

that health coverage was active.  (Opp. at 6; *see also id*. at 11 (arguing that Count I is based on Mr.

Rouhana "falsely stat[ing] benefits were active").)  Therefore, the Court should not accept as true

Plaintiffs' allegation that Mr. Rouhana falsely represented that health coverage was active, given

their contrary position now that he said the opposite, which was true.  *See Tilton v. MBIA Inc. (In*

*re Zohar III, Corp.)*, 639 B.R. 73, 90 (Bankr. D. Del.), *aff'd*, 620 F. Supp. 3d 147 (D. Del. 2022)

("[A] court need not . . . accept as tru[e] conflicting pleadings that make no sense, or that would

render a claim incoherent, or that are contradicted . . . by statements in the complaint . . . .").

 And, because, according to Plaintiffs, Mr. Rouhana "admitted" there was no health

coverage, they concede no reasonable reliance or damages, two necessary elements of a fraud

claim.  *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d at 1105 (setting forth elements of fraud claim).

Indeed, Plaintiffs argue that they deferred or declined to seek medical care precisely because they

were led to believe that there was ***no*** active health coverage.  (*See* Opp. at 17.)  Plaintiffs could

not have reasonably relied to their detriment on an alleged statement they now assert was true.

 Plaintiffs' other arguments also fail.  They attempt to amend Count I – in their Opposition

– to make new allegations that Mr. Rouhana committed fraud through unauthorized payroll

deductions for health and other benefit plans that were not properly transferred.  (*Id*. at 15-16.)

The Court should disregard these new allegations because Plaintiffs cannot amend the FAC in their

Opposition.  *See Ford*, 2023 WL 6295227, at *3.  Even if the Court were to consider these new

allegations (it should not), the paragraphs Plaintiffs cite do not concern Mr. Rouhana at all, and

thus, cannot state a claim against him.[8]  (*See* Opp. at 15-16 (citing ¶¶ 79, 80, 82-83).)[9]

Plaintiffs also make up that "corporate-wide correspondence" stating that health coverage was active were "influenced by" Mr. Rouhana.  (*Id.* at 17.)  Nowhere is this alleged in the FAC, and not surprisingly, Plaintiffs do not cite anything in support.  Plaintiffs further argue that Mr. Rouhana "continued to approve deductions from [employee] paychecks even after those benefits had been terminated."  (*Id.* at 16 (citing FAC ¶¶ 45-60).)  These paragraphs do not contain any such allegation against Mr. Rouhana, and largely rely on impermissible group pleading that should not be accepted as true, and do not state a claim against him anyway.[10]

## III.    Count II For Conversion Of Wages Is Not Cognizable Under California Law.

Count II alleges only that "Plaintiffs have an absolute, unconditional, and fully vested right to their ***wages earned for work performed***," and "Defendants . . . converted ***those funds***."  (FAC ¶¶ 83-84 (emphasis added).)  This is a claim for wage conversion, which the California Supreme

---

[8] Plaintiffs also reference numerous FAC paragraphs in a footnote, all of which are conclusory, concern other Defendants, rely on impermissible group pleading, or are immaterial "background" not tied to any element of a fraud claim.  (*See* Opp. at 16 n.10.)

[9] Plaintiffs' Opposition, in passing, falsely contends that December 2023 benefits with Premera "were being denied" and accuses Mr. Rouhana of not disclosing that.  (*See* FAC ¶ 51; Opp. at 6.)  Plaintiffs' story is a fabrication, and if any claims based on this allegation proceed (they should not), Mr. Rouhana reserves the right to seek all remedies and costs associated with responding to Plaintiffs' irresponsible pleading.  As the employees knew, CSSE inherited Premera from Redbox, and moved all employees to Premera as of January 1, 2023.  Premera was paid in full for the next year and did not deny any employee benefits.  For business reasons, CSSE moved its benefits program to Anthem as of January 1, 2024, but there was never a lapse in Premera coverage.

[10] This new theory also fails because Mr. Rouhana could not fraudulently "continue" to deduct wages when he did not learn of the termination until after-the-fact.  It was not until June 14, 2024, that the health insurer, Anthem, notified CSSE that it was terminating coverage ***retroactively*** to May 14, 2024.  (*See* D.I. 3 ¶ 34; *see also* FAC ¶ 57 (alleging that employees were notified of the termination on June 18, 2024).)  Mr. Rouhana could not have been aware that coverage had been terminated at the time payroll deductions were made during the final payroll runs in May and early June 2024.  (*See id.* at ¶ 15 (explaining that CSSE was unable to make payroll for the two-week period ending June 14, 2024; thus, the final payroll run was for the two-week period ending May 31, 2024).)  Because this information was available to Plaintiffs in CSSE's First Day Motions before they filed the FAC, Plaintiffs should not be granted leave to amend.  (*See* § VIII.)

Court has declared is not cognizable. *See Voris v. Lampert*, 7 Cal. 5th 1141, 1145, 1162-63 (2019).

Recognizing that *Voris* dooms their claim for common-law conversion of wages, Plaintiffs attempt to amend Count II – in their Opposition – to make a new allegation that "Defendants," without specifying who, misappropriated (1) payroll deductions, and (2) "entire families health benefits." (Opp. at 18.)  Again, Plaintiffs cannot amend the FAC in their Opposition. *See Ford*, 2023 WL 6295227, at *3.  Even if the Court were to consider Plaintiffs' new allegation (it should not), it would not save Count II because Plaintiffs have not plead any facts that Mr. Rouhana was personally involved in any decisions relating to payroll deductions or health coverage.  Therefore, there is no basis on which to hold him personally liable.  (*See* § I.)[11]  Plaintiffs cite to three paragraphs in the FAC, none of which supports personal liability:  ¶ 22 is a conclusory recitation of the elements of personal liability under § 558.1 without any factual support; ¶ 55 concerns other Defendants, not Mr. Rouhana; and ¶ 62 concerns CSSE's secured lender HPS.

## IV.    The Court Should Dismiss Counts III Through VIII Under The Labor Code.

### A.    Count III Fails Under Rule 8's Notice Pleading Requirement.

The Court should dismiss Count III, which does not identify the Labor Code sections on which it is based, for failing to satisfy Rule's 8 requirement that Plaintiffs provide Mr. Rouhana "adequate notice" of the claims brought against him.  (*See* Br. at 16.)  Plaintiffs' sweeping allegations that Mr. Rouhana violated an entire regulatory code, without further refinement of their theory, fails to provide him adequate notice.  *See M.G. v. Crisfield*, 547 F. Supp. 2d 399, 406 (D.N.J. 2008) (dismissing claim that "re-allege[d] the factual summary described herein" that "violated Plaintiffs' rights under New Jersey Statutes and Regulations'" because this "obviously falls short of providing adequate notice . . . of *which* statutes and regulations [defendants] have

---

[11] Plaintiffs also do not articulate how the existence of health coverage is the kind of property interest that can be converted to another's use, or cite any legal authority for such a proposition.

violated and why," as required under Rule 8 (emphasis in original)).  In short, Plaintiffs cannot

shift the burden to Mr. Rouhana to divine their theory so he may formulate an appropriate defense.

Apparently acknowledging this fatal pleading deficiency, Plaintiffs argue that the FAC is

replete with allegations that "go well beyond general claims."  (Opp. at 19.)  It is unclear how this

generalization cures the problem that Count II is untethered to any specific Labor Code violation.

And, the many FAC paragraphs Plaintiffs cite do not help them:  none refers to any Labor Code

section as the basis of Count III.  In any event, these paragraphs contain only vague, conclusory,

threadbare allegations that lack any factual support and suffer from impermissible group pleading,

and for these reasons, fail to state any claim no matter what the legal basis may be.

### B.    Count IV Fails To State A Claim Because California Law Does Not Recognize Personal Liability Under Labor Code § 204.

The Court should dismiss Count IV because personal liability under § 558.1 does not exist

for § 204 violations.  *Rios v. Linn Star Transfer, Inc.*, No. 19-cv-07009-JSC, 2020 WL 1677338,

at *3 (N.D. Cal. Apr. 6, 2020) (§ 558.1 does not apply to § 204); *See's Candy Shops, Inc. v. Super.

Ct.*, 210 Cal. App. 4th 889, 904-05 (2012) (§ 204 applies only to a corporate "employer").

Plaintiffs' bare assertion that Mr. Rouhana was the "employer" is legally and factually incorrect.

(*See* Br. at 14-16.)  It also contradicts Plaintiffs' allegation that CSSE employed them, (FAC ¶ 29),

and thus, the Court should not accept it as true.  *See Tilton*, 639 B.R. at 90 (courts may disregard

contradictory allegations in deciding Rule 12(b)(6) motion).  Plaintiffs' reliance on Labor Code §

210, which is not alleged, as a supposed hook to hold Mr. Rouhana liable, does not save Count IV

because § 210 "does not create a private right of action for section 204."  *Gatdula v. CRST Int'l,

Inc.*, No. LACV 11-1285-VAP(OPx), 2017 WL 11093975, at *4 (C.D. Cal. Mar. 3, 2017).

Finally, Plaintiffs' citation to ¶¶ 50, 84-85, and 97-99 does not support that they state a

claim.   These paragraphs contain vague, conclusory, threadbare allegations, plead upon

information and belief without any factual support, that are insufficient to show that Mr. Rouhana

had any involvement in any decision about whether (or not) Plaintiffs were paid every two weeks.

### C.    Count V Fails To State A Claim Because California Law Does Not Recognize Personal Liability Under Labor Code § 221.

The Court should dismiss Count V because personal liability under § 558.1 does not exist

for alleged § 221 violations.  *See* Cal. Lab. Code § 558.1 (listing only "Sections 203, 226, 226.7,

1193.6, 1194, or 2802" as within its coverage).  *Accord Rios*, 2020 WL 1677338, at *3 (holding

same as to §§ 201 and 204, which are limited to "employers" and not anyone "acting on behalf of

an employer" within the meaning of § 558.1); *Cordell v. PICC Lines Plus LLC*, No. 16-cv-01814-

TEH, 2016 WL 4702654, at *8 (N.D. Cal. Sept. 8, 2016) (dismissing with prejudice § 201 against

individual because liability extends only to "employers").  As stated above, Plaintiffs' bare

assertion that Mr. Rouhana was the "employer" is legally and factually incorrect, and should not

be accepted as true because it contradicts the allegation that CSSE employed them.  (*See* § IV.B.)

Plaintiffs' reliance on Labor Code § 225.5, which is not alleged in the FAC, as a supposed

hook to hold Mr. Rouhana liable, does not save Count V because § 225.5 does not create a private

right of action under § 221.  *See Gatdula*, 2017 WL 11093975, at *4 (recognizing that § 225.5

"indicates the legislature considered enforcement avenues for section 221, and if [it] had desired

to create a private right of action, 'one would reasonably have expected that [it] simply would have

directly imposed such [a right] in clear, understandable, unmistakable terms'" (citation omitted);

Cal. Lab. Code § 225.5 (providing recovery of § 212 civil penalties only by labor commissioner).

Finally, Plaintiffs' citation to ¶¶ 45-60 does not support that they state a claim.  These

paragraphs contain nothing but vague, conclusory, threadbare allegations, plead upon information

and belief without any factual support and suffer from impermissible group pleading, that are

insufficient to show that Mr. Rouhana had any involvement in any decision about wage deductions.

### D.    Count VI Under Labor Code § 2802 Fails To State A Claim.

The Court should dismiss Count VI for failure to state a plausible claim under § 2802(a) because the FAC does not plead any factual allegations showing that Plaintiffs experienced any losses for unreimbursed, necessary, job-related expenses, even though this information is within their knowledge, or that Mr. Rouhana was responsible for any such losses.  (*See* Br. at 18-19.)

Plaintiffs argue perfunctorily that the FAC "identifies categories of unreimbursed business expenses . . . ."  (Opp. at 21 (citing FAC ¶ 63).)  That alone does not state a § 2802 claim, which requires Plaintiffs to allege that they personally incurred unreimbursed, necessary, job-related expenses, as well as the nature and amount of their unreimbursed expenses.  *See Hassell v. Uber Technologies, Inc.*, No. 20-cv-04062-PJH, 2020 WL 7173218, at *3 (N.D. Cal. Dec. 7, 2020). Paragraph 63, plead only upon information and belief, does not allege any of these required details. (*See* FAC ¶ 63.)  Rather, it alleges only that "Defendants ***represented*** . . . that [Plaintiffs] ***would be*** reimbursed for business-related expenses, such as over-draft fees ***and/or*** travel expenses ***and/or*** issues for company vehicles."  (*Id*. (emphasis added).)  Aside from being hypothetical and speculative, that allegation says nothing about whether Mr. Rouhana actually failed to reimburse any Plaintiff for any necessary, job-related expense, and is "merely consistent with [] liability," which does not rise to the level of stating a plausible claim.  *Moore v. Jennings*, No. CV 24-208 (JLH), 2025 WL 326697, at *1 (D. Del. Jan. 29, 2025) (dismissing for failure to state a claim) (quoting *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

### E.    Count VII Under Labor Code § 226(a) Fails To State A Claim.

As explained in Mr. Rouhana's opening brief, the FAC fails to plead facts supporting § 226(a)'s injury requirement because there are no allegations that Plaintiffs' wage statements were missing any of the nine items listed in § 226(a), ***and as a result***, employees were unable to glean any of the four pieces of information listed in § 226(e)(2)(B)(i)-(iv).  (*See* Br. at 19-20.)

10

Plaintiffs do not challenge this fatal deficiency.   Instead, they argue that "employees received wage statements ***showing deductions*** for ***nonexistent benefits***, misleading them into believing that they had coverage."   (Opp. at 22) (emphasis added) (citing FAC ¶¶ 45-60 (concerning health coverage, ***not*** wage statements).)[12]  In other words, Plaintiffs do not argue that deductions were missing from wage statements, but rather, they did not accurately reflect whether employees had health coverage.[13]   That theory is not a cognizable under § 226(a), for the reasons stated in Mr. Rouhana's opening brief, and Count VII should be dismissed.  (*See* Br. at 19-20.)

Plaintiffs' assertion that wage statements confused them about whether they had health coverage makes no sense and does not support that they suffered a cognizable injury, which is a required element*. See Hill v. Pacific Maritime Assoc*., No. 24-cv-00336-JSC, 2025 WL 1282628, at *3 (N.D. Cal. May 2, 2025.)  Plaintiffs assert wage statements misled them to believe they had health coverage, and yet somehow that belief created "confusion [that] caused employees to delay or avoid medical care.  (Opp. at 22.)  Why would employees delay or avoid medical care if they believed they had health coverage?  Plaintiffs' inability to articulate a coherent theory of injury only highlights that they have failed to state a claim.[14]  *See Tilton*, 639 B.R. at 90 (recognizing that courts may disregard allegations that "make no sense, or that would render a claim incoherent").

### F.    Plaintiffs Have Waived That Count VIII States A Claim.

The Court should dismiss Count VIII's claims because Plaintiffs failed to oppose the grounds for dismissal of the §§ 201-202 claims Mr. Rouhana raised.  (*See* Opp. at 22-23 (limiting

---

[12] These paragraphs are vague, conclusory,  threadbare allegations, plead upon information and belief without any factual support, suffer from impermissible group pleading, and do not show Mr. Rouhana was involved in any decision about the content of wage statements.

[13] It is telling that Plaintiffs avoid comparing their wage statements against the lists in § 226(a) and (e), which suggests they did not do basic due diligence to determine if there was a good faith basis to assert Count VII, despite supposedly interviewing score of employees. (*See* Br. at n.9.)

[14] Plaintiffs' assertion that employees were not able to quantify their wages for tax purposes is made-up.  That is not alleged anywhere in the FAC, and Plaintiffs do not cite anything in support.

opposition to § 203 claims, with no mention of §§ 201-202 claims).)  Therefore, Plaintiffs have waived any argument that they stated §§ 201-202 claims, or that Mr. Rouhana is personally liable. *See Daggett*, 774 F. App'x at 764; *Brown*, 2024 WL 4024738, at *2.  Without a predicate §§ 201-202 claim, Plaintiffs' derivative § 203 claim also fails and must be dismissed.  (*See* Br. at 21.)

Plaintiffs' arguments about willfulness do not overcome their fundamental waiver of any arguments that Count VIII states a claim.  Nor does Plaintiffs' argument that Mr. Rouhana is personally liable under § 203 simply because it is an enumerated section in § 558.1.  (*See* Opp. at 22.)  Plaintiffs still must plead concrete factual allegations that meet the test for holding Mr. Rouhana personally liable under § 558.1, which they have not done.  (*See* § I.)

### G. Plaintiffs Have Waived Any Argument That The FAC States Claims Under Labor Code §§ 510, 512, 1194, Or 1197.

The Court should dismiss any claims purportedly brought under §§ 510, 512, 1194, or 1197 because Plaintiffs failed to oppose any of the dismissal grounds Mr. Rouhana raised.  Therefore, Plaintiffs have waived any argument that they stated claims, or that Mr. Rouhana is personally liable, under these sections.  *See Daggett*, 774 F. App'x at 764; *Brown*, 2024 WL 4024738, at *2.

## V. <u>Count IX Fails To State An FLSA Claim And Plaintiffs Waived Declaratory Relief.</u>

Under the test set forth in *Landers v. Quality Communications, Inc.* for stating an FLSA claim, Plaintiffs must identify "at least one workweek when [they] worked in excess of forty hours and [were] not paid for the excess hours in that workweek, or [were] not paid minimum wages." 771 F.3d 638, 646 (9th Cir. 2014) (holding that, post-*Iqbal*, conclusory allegations that merely recite the statutory requirements of wage-and-hour claims under the FLSA are inadequate to state a plausible claim); *see also Perez v. DNC Parks & Resorts at Sequoia*, No. 1:19-cv-00484 DAD-SAB, 2020 WL 4344911, at *8 (E.D. Cal. July 29, 2020) (dismissing FLSA claims because plaintiffs could have, but did not, "allege facts demonstrating there was at least one workweek in

which they worked in excess of forty hours and were not paid overtime wages"). Plaintiffs have not done so. They cite to ¶¶ 72, 76, and 84-87 of the FAC, none of which alleges any of the required details: ¶ 72 alleges "Defendants" had human resources personnel familiar with wage-and-our laws; ¶ 76 concerns payroll deductions; and ¶¶ 84-87 concern Count II's conversion claim.

Plaintiffs' argument that the FAC alleges sufficient facts to hold Mr. Rouhana personally liable under the FLSA also fails because ¶¶ 30-31, 76-79, 88-89, and 97-99 do not mention him.

Finally, Plaintiffs have waived any argument regarding entitlement to declaratory relief by responding to Mr. Rouhana's arguments with a perfunctory, one-sentence assertion that "a declaratory judgment is appropriate to determine employees' right to compensation" that is not supported by any legal authority or argument. (Opp. at 24.) Declaratory relief is not available for the reasons stated in Mr. Rouhana's opening brief. (*See* Br. at 25-26.)

## VI.   <u>Plaintiffs Affirmatively Concede They Did Not Bring Any Claim Under The UCL.</u>

The Court should dismiss any claims based on the UCL because Plaintiffs affirmatively concede that they did not intend to bring a UCL claim, stating "there is no count associated with the UCL – only a reference [to the UCL]." (Opp. at 25.) Plaintiffs also do not respond to Mr. Rouhana's arguments that disgorgement of profits is not a remedy under the UCL, and thus, concede the point. The Court should dismiss any claim for such relief.

Having so conceded, the Court need not consider Plaintiffs' other arguments. Nonetheless, those arguments do not help Plaintiffs. First, in response to Mr. Rouhana's argument that Plaintiffs fail to allege no adequate remedy at law, which is a necessary element of a UCL claim, Plaintiffs assert that "[t]his is incorrect" without any explanation as to why or citation to any legal authority. That is tantamount to a waiver of the argument. *See Daggett*, 774 F. App'x at 764; *Brown*, 2024 WL 4024738, at *2. Second, Plaintiffs' assertion that they are "seeking equitable restitution" for unpaid wages and withheld deductions does not eliminate the need to allege no adequate remedy

13

at law to recover "equitable restitution for past harm under the UCL." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). Plaintiffs do not explain how these purported claims for equitable restitution are any different from their damages claims for failure to pay wages or to transfer payroll deductions. They are not – a conclusion supported by Plaintiffs' concession that the UCL "reference" is only to extend the limitations period on their *other* Labor Code claims.

## VII.    Plaintiffs Offer No Reason Why The Court Should Allow Their Class Claims.

In response to Mr. Rouhana's request that, if any claim survives or is dismissed without prejudice, the Court should apply the factors in *In re Musicland Holding Corporation.*, 362 B.R. 644 (Bankr. S.D.N.Y. 2007), to dismiss the FAC, Plaintiffs argue that dismissal is not appropriate because the determination of class certification is premature at the pleading stage. In support, Plaintiffs cite one case (Opp. at 25), *Gillibeau v. City of Richmond*, 417 F.2d 426 (9th Cir. 1969), which is inapplicable since it was not filed in connection with a bankruptcy proceeding and fails to address the factors courts consider in the context of a bankruptcy case. Moreover, Plaintiffs do not contest, and thus concede, that before the Court considers class certification, it must first determine whether to permit or dismiss the action. (*See* Br. at 27-30.)[15] Here, because (i) the class was not certified prepetition, (ii) class certification will adversely affect the estate's administration, and (iii) employee claims, if any, can be adequately addressed by the bankruptcy claims process, the Court should dismiss the FAC. *See In re Chapparral Energy, Inc.*, No. 16-11144 (LSS), 2018 WL 818309, at *4 (Bankr. D. Del. Feb. 9, 2018); *Musicland Holding*, 362 B.R. at 654.

---

[15] Plaintiffs' putative class claim would not satisfy Rule 23's requirements for class certification because each employee's individual employment circumstances are unique and different. Because individualized questions will predominate, Plaintiffs cannot prove liability (or a method for calculating damages) on a classwide basis. *See Vaccaro v. Amazon.com.dedc, LLC*, No. 18-cv-11852, 2024 WL 4615762, at *10 (D.N.J. Oct. 30, 2024), *reconsideration denied sub nom. Vaccaro v. Amazon.com.dede, LLC*, No. 18-cv-11852, 2025 WL 974660 (D.N.J. Apr. 1, 2025).

**VIII.    The Court Should Deny Plaintiffs' Request For Leave To Amend.**

The Court has discretion to deny leave to amend based on undue delay, dilatory motive, bad faith, prejudice to the defendant, or where it would be futile because any amendment would fail to state a claim.  *See* Fed. R. Civ. P. 15(a)(2); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).  Repeated failure to cure deficiencies is another ground to deny leave to amend.  *See In re Oakwood Homes Corp.*, 325 B.R. 696, 699 (Bankr. D. Del. 2005).

Amendment of the following claims is futile because no private right of action or personal liability exists, and/or Plaintiffs have abandoned their claims affirmatively or by failing to respond to Mr. Rouhana's arguments:  Count I (Fraud); Count II (Conversion); Count IV (Labor Code § 204); Count V (Labor Code § 221); Count VIII (Labor Code §§ 201-203); Count IX (Declaratory Judgment); and any purported claims under Labor Code §§ 510, 512, 1194, or 1197 or the UCL.

Plaintiffs should be denied leave to amend the remaining claims – Count III (Failure To Pay Wages); Count VI (Labor Code § 2802); Count VII (Labor Code § 226(a); Count IX (FLSA) – because, although the factual underpinning, if any, for these claims should be within Plaintiffs' knowledge, they have repeatedly failed to allege any well-pled facts satisfying all the elements of these claims.  The FAC is Plaintiffs' third iteration of their lawsuit against Mr. Rouhana.[16]  A fourth iteration, under these circumstances, would cause undue delay and prejudice Mr. Rouhana.

**CONCLUSION**

For these reasons and those in his opening brief, Mr. Rouhana requests dismissal all claims against him with prejudice.  If any survive, Mr. Rouhana requests the Court disallow the putative class claim, and/or grant such other and further relief as the Court deems just and appropriate.

---

[16] Plaintiffs originally filed their suit in L.A. Superior Court, which they voluntarily dismissed. Then, they filed a first adversary complaint in this Court, followed by a motion for leave to amend, that was granted in part and denied in part.  (*See* Adv. Pro. D.I. 36 at 5-6 & n.8.)

Dated: July 14, 2025
Wilmington, DE

**WOMBLE BOND DICKINSON (US) LLP**

/s/ Donald J. Detweiler
Donald J. Detweiler (DE Bar No. 3087)
1313 N. Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Email: don.detweiler@wbd-us.com

-and-

Cathy A. Hinger (admitted *pro hac vice*)
Victoria A. Bruno (admitted *pro hac vice*)
2001 K Street, NW
Suite 400 South
Washington, D.C. 20006
Telephone: (202) 467-6900
Facsimile: (202) 467-6910
Email: cathy.hinger@wbd-us.com
Email: victoria.bruno@wbd-us.com

*Counsel for Defendant William J. Rouhana, Jr.*

16