## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC., *et al.*,<br><br>       Debtors[1] | Chapter 7<br><br>Case No. 24-11442 (MFW)<br><br>(Jointly Administered) |
| BRIAN SKAJEM, LISA PAPATZIMAS, ERIN TUTTLE, DAVID ELLENDER, DARA COHEN, MATT LOZE, JESSICA STOECKELER, HEATHER BUNDY, CAREY CAMPBELL, KELLY BURKE HOPKINS, COURTNEY SMITH, on behalf of themselves and behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>       v.<br><br>CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC.; REDBOX AUTOMATED RETAIL, LLC; WILLIAM J. ROUHANA, JR., AMY NEWMARK, JOHN T. YOUNG, ROBERT H. WARSHAUER, BART SCHWARTZ, and DOES 1-500, inclusive,<br><br>       Defendants. | Adv. Proc. No. 24-50128<br><br>**Re: Adv D.I. 60** |

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS A VOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

## CONFIDENTIALITY AGREEMENT AND ORDER

This Confidentiality Agreement and Order (the "Agreement") is entered into in this putative class action as of September 8, 2025, between and among plaintiffs Brian Skajem, *et al.* ("Plaintiffs"); AlderLaw, PC and Morris James LLP ("Plaintiffs' Counsel"); defendants Robert H. Warshauer and John T. Young ("Defendants"); and Brown Rudnick LLP ("Brown Rudnick") and DLA Piper LLP (US) (collectively with Brown Rudnick, "Defendants' Counsel").

WHEREAS, on May 8, 2025, Plaintiffs filed a First Amended Complaint (the "Complaint") in the above-captioned putative class-action adversary proceeding asserting claims against Defendants and others for alleged violations of the California Labor Code, the federal Fair Labor Standards Act, and the common law (the "Action"); and

WHEREAS Plaintiffs' Counsel and Defendants' Counsel have engaged in discussions to try to settle the Action as to Defendants; and

WHEREAS, solely for purposes of exploring settlement possibilities, Plaintiffs' Counsel have asked to be given access to documents and information relating to the issues raised in the Complaint and to interview Defendants; and

WHEREAS Defendants have advised Plaintiffs' Counsel that they intend to move to dismiss the Action as to Defendants if a settlement cannot be reached; and

WHEREAS Defendants seek and intend to preserve all objections to discovery in the Action and in any other actions or proceedings in any forum and to protect all applicable privileges and protections – including the attorney-client privilege and the attorney work-product protection – that might apply to such discovery materials; and

WHEREAS Plaintiffs maintain that Defendants are subject to liability, including personal liability, for failing to pay certain employee wages and maintain healthcare coverage, among other things, during their time as directors of Chicken Soup for the Soul Entertainment, Inc.; and

WHEREAS Defendants deny Plaintiffs' allegations, maintain that they are not subject to liability for any of the claims asserted in the Action or the Complaint, and expressly deny that they had any involvement in any alleged failure to provide employee wages, healthcare coverage, or other employment benefits;

NOW, THEREFORE, solely to advance Plaintiffs' and Defendants' (the "Parties'") settlement discussions, and in consideration of the mutual promises and covenants made in this Agreement, with the intent to be legally bound by the terms of this Agreement, and understanding that the United States Bankruptcy Court for the District of Delaware (the "Court") may enforce the terms of this Agreement, Plaintiffs, Plaintiffs' Counsel, Defendants, and Defendants' Counsel agree as follows:

1.      All non-public documents that are in or come into the possession of Plaintiffs or Plaintiffs' Counsel solely from Defendants or Defendants' Counsel – including, without limitation, writings, drawings, graphs, charts, photographs, microfilm, microfiche, drafts, interview or deposition notes or transcripts, non-identical copies of documents, and data compilations (including, without limitation, electronic or computerized data compilations) from which information can be obtained – and all non-public information (whether oral or written, including information obtained through interviews or depositions) that is provided to Plaintiffs or Plaintiffs' Counsel under the terms of this Agreement and is or becomes known to Plaintiffs or Plaintiffs' Counsel solely from Defendants or Defendants' Counsel shall be deemed to be "Settlement Disclosure Material."  Any notes or other writings relating to any interviews or depositions conducted in connection with the Parties' exploration of a potential settlement shall also be deemed to be Settlement Disclosure Material that is subject to the terms of this Agreement.

17560561/1
4937-3410-5708.3

2.     The Settlement Disclosure Material shall consist of (*i*) documents in Defendants'
possession concerning their former engagement as outside directors of CSSE, which documents
shall be maintained in an electronic Document Depository under the control of Brown Rudnick,
(*ii*) informal interviews of Defendants by Plaintiffs' Counsel, and (*iii*) any additional materials that
Defendants' Counsel provide to Plaintiffs' Counsel for settlement purposes.

3.     No Settlement Disclosure Material made available to Plaintiffs' Counsel shall be
copied, photographed, scanned, or printed from the Document Depository by Plaintiffs' Counsel
or by anyone else acting on behalf or for the benefit of Plaintiffs or Plaintiffs' Counsel; *provided,
however*, that Plaintiffs' Counsel or anyone else acting on behalf or for the benefit of Plaintiffs or
Plaintiffs' Counsel may, at any time, require that certain documents from the Document
Depository be produced to Plaintiffs so that they may be used in the Action against other
defendants (the "Document Production").  Defendants or Defendants' Counsel agree to meet and
confer on the Document Production and make such production within fourteen (14) days after the
request.  To the extent the Document Production covers documents from the Document Depository
that are protected by any privilege, Defendants' Counsel agree to prepare an appropriate privilege
log detailing each document or communication and asserted privilege and to provide such log
within ten (10) days after the request.  Although they may not copy, photograph, scan, or print
Settlement Disclosure Material, Plaintiffs' Counsel may make handwritten or computer-generated
notes or dictate notes regarding Settlement Disclosure Material as they review such materials.

4.     Except as otherwise provided herein, only the following individuals shall be
allowed access to the Document Depository and other Settlement Disclosure Material (including
interviews or depositions):

a.      attorneys who are either partners in, or members or employees of, Plaintiffs' Counsel;

b.      any other attorneys whom Plaintiffs' Counsel designate for purposes of discussing or reviewing any proposed settlement of the Action or of any related litigation, and for no other purposes whatsoever;

c.      non-attorney employees of Plaintiffs' Counsel, or of any other attorneys designated pursuant to paragraph 4.b above, necessary to assist Plaintiffs' Counsel or any of those other attorneys in reviewing Settlement Disclosure Material solely for purposes of assessing any proposed settlement of the Action; and

d.      consultants or experts retained by Plaintiffs' Counsel, or by any other attorneys designated pursuant to paragraph 4.b above, necessary to assist those attorneys in reviewing Settlement Disclosure Material solely for purposes of assessing any proposed settlement of the Action, and whose identities shall not be disclosed to Defendants; *provided,* however, that, if the Action does not ultimately settle, and if litigation continues, then the disclosure and discovery provisions of Federal Rules of Bankruptcy Procedure and any local rules of the Court governing experts will apply.

5.      Except for Plaintiffs' Counsel (including their attorney and non-attorney employees), any and all individuals given access to the Document Depository or other Settlement Disclosure Material pursuant to paragraph 4 above shall, before being granted such access, be given a copy of this Agreement and agree, by executing the undertaking in the form attached as Exhibit A, to be subject to all of its terms.  Plaintiffs' Counsel and their employees agree to the terms of this Confidentiality Agreement without having to sign Exhibit A.

5

6.      Except as otherwise provided herein (including as to the Document Production), Settlement Disclosure Material and information contained in Settlement Disclosure Material (collectively, "Settlement Information") shall be used solely for the purpose of discussing and evaluating any proposed settlement of the Action and for no other purpose whatsoever (including pursuing any claims in the Action or in any other proceeding).  Plaintiffs' Counsel and all other individuals allowed access to Settlement Disclosure Material pursuant to paragraph 4 above shall keep all Settlement Information strictly confidential and shall not disclose, disseminate, discuss, or otherwise publish such material or information in whole or in part, directly or indirectly, by any manner, method, or means whatsoever, to any other person, firm, or entity, including any media organization; *provided, however*, that:

a.      Plaintiffs' Counsel and any other individuals allowed access to Settlement Disclosure Material pursuant to paragraph 4 above may discuss Settlement Information with consultants or experts retained by Plaintiffs' Counsel and with Plaintiffs to the extent they deem appropriate and consistent with the terms of this Agreement;

b.      Plaintiffs' Counsel and any other individuals allowed access to Settlement Information pursuant to paragraph 4 above may generally discuss the nature of such information with other counsel representing potential class members in the Action solely for the purposes of allowing those other counsel to evaluate any proposed settlement of the Action and to decide whether to participate in it, object to it, or opt out of it; *provided, however*, that such discussions shall not include identification or descriptions of specific Settlement Disclosure Material or specific documents in the Document Depository; and

c.      Before any discussions take place regarding Settlement Information as provided in this paragraph 6, all prospective recipients of Settlement Information must be given a

17560561/1
4937-3410-5708.3

copy of this Agreement and agree, by executing the undertaking in the form attached as Exhibit A, to be bound by to its terms.

7.      Plaintiffs' Counsel shall retain the undertakings executed pursuant to paragraphs 5 and 6 above.  Plaintiffs' Counsel shall provide an undertaking to Defendants' Counsel that all individuals allowed access to Settlement Information pursuant to this Agreement have executed the requisite undertakings if required to do so by this Agreement.

8.      If settlement is reached and Plaintiffs' Counsel, Plaintiffs, or any other person or entity given access to Settlement Information pursuant to this Agreement (collectively, the "Recipients") receive a request to produce Settlement Information by any means, including by written interrogatories or by deposition, the Recipient of such request shall give Brown Rudnick immediate written notice of such request as provided in this Agreement, so that Defendants may take any appropriate measures (including seeking a protective order or attempting to quash such request) to oppose or limit disclosures, to require that disclosure be made under seal, or to seek any other available remedy.  Any Recipient receiving the request shall not oppose any efforts by Defendants and/or their counsel to take whatever measures they deem appropriate to protect Settlement Information from disclosure; *provided, however,* that any Recipient receiving the request shall be able to make any other arguments he, she, or it deems appropriate to the extent such arguments are not contrary to Defendants' or their counsel's arguments regarding disclosure. If a protective order cannot be obtained, and if a Recipient is compelled by a court order to disclose Settlement Information, then such entity or individual shall disclose only such portion of such information that is required to be disclosed.  Any Recipient so compelled shall give Brown Rudnick immediate written notice of the information to be disclosed as far in advance of its disclosure as is practicable, shall use his, her, or its best efforts to obtain assurances that the

information will be filed under seal, and shall give Brown Rudnick a duplicate production of all documents that are required to be disclosed.

9.      If (i) any Stipulation of Settlement that the Parties might reach is terminated for any other reason before being finally approved by the Court, or (*ii*) any such Stipulation of Settlement is not approved by the Court, or such approval is reversed or vacated by another court, then Plaintiffs, Plaintiffs' Counsel, and any other Recipient shall, within seven business days after being notified by Brown Rudnick to do so, return to Brown Rudnick any and all Settlement Information in their possession.  In any of the circumstances described in this paragraph, Defendants' Counsel shall have custody and control of all Settlement Information.

10.     If the Court approves any proposed settlement of the Action, and if the Court's approval of any such settlement becomes final, the provisions of paragraph 9 shall apply within ten business days after any such settlement becomes final; *provided, however,* that any person or entity subject to paragraphs 9 and 10 may choose to destroy any and all Settlement Information (and copies of such information) instead of returning it to Brown Rudnick, in which event such person or entity shall provide Brown Rudnick with a certification attesting to the destruction of such Settlement Information.

11.     Production of Settlement Disclosure Material shall not be deemed to be, and neither Plaintiffs nor Plaintiffs' Counsel (nor any other Recipient) will argue that such production is, (*i*) a general waiver of the attorney-client privilege, the attorney work-product doctrine, or any other potentially applicable privilege or protection (including for trade secrets or proprietary information), (*ii*) a specific waiver of any privilege or protection applicable to the documents or information being produced, or (*iii*) an admission or indication that the documents or information

are relevant to, or would or should be discoverable in, the Action or in any other litigation or proceeding in any forum.

12.     Pursuant to Federal Rule of Evidence 502(d), as incorporated by Federal Rule of Bankruptcy Procedure 9017, all parties to this Agreement agree, and the Court orders, that the attorney-client privilege and attorney work-product protection are not waived in this Court, any other federal court, or any state court by production of Settlement Disclosure Material in connection with this Action.

13.     Except as otherwise provided herein, if any proposed settlement of the Action is not approved as to Defendants, nothing in this Agreement shall preclude Plaintiffs from seeking the production of documents and information from Defendants pursuant to the Federal Rules of Bankruptcy Procedure and the local rules of this Court.

14.     Defendants reserve all rights in this Action, and in any other pending or future proceeding, to object on any ground whatsoever to the production of any document included among Settlement Disclosure Material.

15.     Any violation of this Agreement shall entitle Defendants to injunctive or other equitable relief as a remedy for the violation without proof of actual damages and without limiting any other remedies that Defendants might have.  In agreeing to be subject to the terms of this Agreement, Plaintiffs, Plaintiffs' Counsel, and any other individuals allowed access to Settlement Information agree to submit to the jurisdiction of the Court in which this Action is pending for all matters concerning the enforcement of the terms of this Agreement.

17560561/1
4937-3410-5708.3

16.     Any notice to Defendants required by this Agreement shall be addressed to the following:

> Stephen A. Best, Esq.
> Daniel J. Healy, Esq.
> Brown Rudnick LLP
> 1900 N Street, NW, Suite 400
> Washington, DC 20036
> Telephone:  (202) 536-1700
> Facsimile:  (202) 536-1701
> Email:  sbest@brownrudnick.com
> Email:  dhealy@brownrudnick.com
>
> Jonathan E. Richman, Esq.
> Brown Rudnick LLP
> Seven Times Square
> New York, New York  10036
> Telephone:  (212) 209-4800
> Facsimile:  (212) 209-4801
> Email:  jrichman@brownrudnick.com

17.     Unless modified by the Court or the parties, this Agreement shall survive the final determination of, and shall remain in full force and effect after the conclusion of all proceedings in, the Action.  The Court in which the Action is pending shall have jurisdiction to enforce and ensure compliance with its terms.

18.     This Agreement may be signed in counterparts, each of which shall constitute a duplicate original.  Execution by facsimile shall be fully and legally binding.

19.     This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware, excluding its conflict-of-laws provisions.

17560561/1
4937-3410-5708.3

Dated: October 1, 2025
      Wilmington, Delaware

**MORRIS JAMES LLP**                          **DLA PIPER LLP (US)**

/s/ *Tara J. Pakrouh*
Eric J. Monzo (DE Bar No. 5214)              Craig Martin (DE Bar No. 5032)
Tara J. Pakrouh (DE Bar No. 6192)            1201 North Market Street, Suite 2100
Cortlan S. Hitch (DE Bar No. 6720)           Wilmington, DE  19801
Siena B. Cerra (DE Bar No. 7290)             Tel: (302) 468-5700 (Main)
3205 Avenue North Blvd., Suite 100           Tel: (302) 468-5655 (Direct)
Wilmington, DE  19803                        Fax: (302) 778-7834
Tel: (302) 888-6800                          Email: craig.martin@us.dlapiper.com
Fax: (302) 571-1750
Email: emonzo@morrisjames.com
       tpakrouh@morrisjames.com              On behalf of Plaintiffs and DLA
       chitch@morrisjames.com                Piper LLP (US)
       scerra@morrisjames.com
                                             /s/ *Stephen A. Best*
                                             Stephen A. Best
On behalf of Plaintiffs and                  Daniel J. Healy
Morris James LLP                             Jonathan E. Richman
                                             Brown Rudnick LLP
  -    and                                   1900 N Street, NW, Suite 400
                                             Washington, D.C.  20036
ADLERLAW, PC                                 Telephone:  (202) 536-1700
Michael Alder (CA Bar No. 170381)            Facsimile:  (202) 536-1701
Elana R. Levine (CA Bar No. 234155)          Email: sbest@brownrudnick.com
12800 Riverside Drive, Second Floor                 dhealy@brownrudnick.com
Valley Village, CA  91607                           jrichman@brownrudnick.com
Tel: (310) 275-9131
Fax:  (310) 275-9132
Email: cmalder@alderlaw.com                  On behalf of Defendants and Brown
       llevine@alderlaw.com                  Rudnick LLP


ON BEHALF OF PLAINTIFFS AND
ADLERLAW, PC

**Dated: October 2nd, 2025**                 **MARY F. WALRATH**
**Wilmington, Delaware**                     **UNITED STATES BANKRUPTCY JUDGE**

17560561/1
4937-3410-5708.3