# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC., *et al.*[1], | Case No. 24-11442 (MFW) |
| Debtors. | (Jointly Administered) |
| | |
| BRIAN SKAJEM, LISA PAPATZIMAS, ERIN TUTTLE, DAVID ELLENDER, DARA COHEN, MATT LOZE, JESSICA STOECKELER, HEATHER BUNDY, CAREY CAMPBELL, KELLY BURKE HOPKINS, COURTNEY SMITH, on behalf of themselves and behalf of all others similarly situated, | |
| Plaintiffs, | Adv. Pro. No. 24-50128 (MFW) |
| v. | **Re: Adv. D.I. 30** |
| CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC.; REDBOX AUTOMATED RETAIL, LLC; WILLIAM J. ROUHANA, JR., AMY NEWMARK, JOHN T. YOUNG, ROBERT H. WARSHAUER, BART SCHWARTZ, and DOES 1-500, inclusive, | |
| Defendants. | |

## DEFENDANT BART SCHWARTZ'S OPENING BRIEF IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

## TABLE OF CONTENTS

PRELIMINARY STATEMENT.................................................................................................. 1

STATEMENT OF FACTS ...................................................................................................... 2

    A.   The First Amended Complaint..................................................................................... 2

    B.   Bart Schwartz's Limited Role with the Debtors ................................................... 5

    C.   The Bankruptcy Proceedings .................................................................................. 6

ARGUMENT ........................................................................................................................ 7

    I.   Dismissal Standard.................................................................................................... 7

    II.   Count I for Fraud Fails Under Rules 9(b) and 12(b)(6)..................................... 10

    III.  The Conversion Claim Fails as a Matter of Law ............................................... 12

    IV.  The Labor Code Claims Do Not State a Claim Against Mr. Schwartz............................. 13

    V.   The FLSA Claim in Count IX is Insufficiently Pled........................................ 15

    VI.  Plaintiffs' Claim For Declaratory Relief Fails ................................................ 16

    VII. Plaintiffs' Unfair Competition Claim Fails ...................................................... 17

CONCLUSION..................................................................................................................... 18

# <u>TABLE OF AUTHORITIES</u>

Page(s)

<u>Cases</u>

*Alston v. Wenerowicz*,
  167 F.Supp.3d 714 (E.D. Pa. 2016) ......................................................................... 10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................................... 7, 8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...................................................................................... 7, 8

*Boone v. Amazon.com Servs., LLC*,
  562 F. Supp. 3d 1103 (E.D. Cal. 2022)..................................................................... 18

*Burtch v. Zachem (In re TZEW Holdco, LLC,*
  *)*, Adv. No. 22-50255, 2023 WL 6140247 (Bankr. D. Del. Sept. 19, 2023) ............................... 9

*Carter v. Rasier-CA, LLC*,
  No. 17-cv-00003-HSG, 2017 WL 4098858 (N.D. Cal. Sept. 15, 2017) ................................... 14

*Clark v. Super. Ct.*,
  50 Cal. 4th 605 (2010)........................................................................................ 18

*Cortec Indus., Inc. v. Sum Holding L.P.*,
  949 F.2d 42 (2nd Cir.1991).................................................................................. 10

*Davis v. Abington Memorial Hosp.*,
  765 F.3d 236 (3d Cir. 2014)................................................................................. 15

*Davis v. Food Lion*,
  792 F.2d 1274 (4th Cir. 1986).............................................................................. 15

*DiMartino v. BMW of N.Am., LLC*, No.,
  15-8447 (WJM), 2016 WL 4260788 (D.N.J. Aug 11, 2016)................................................ 9, 12

*Dole v. Haulaway Inc.*,
  723 F.Supp. 274 (D.N.J. Oct 27, 1989) ................................................................... 15

*Durham v. Bus Mgmt. Assoc.*,
  847 F.2d 1505 (11th Cir. 1988)............................................................................. 8

*Essex Construction, LLC v. HSC Real Estate, LLC*,
  2011 WL 3703471 (D. Md. 2011) ............................................................................ 9

*Farmers Ins. Exchange v. Zerin*,
(1997), 53 Cal.App.4th 445 ....................................................................... 12

*Found, v. Ambling Mgmt. Co.*,
556 F.Supp.2d 367 (D. Del. 2008) ............................................................ 17

*Greenwald Caterers Inc. v. Lancaster Host, LLC*,
599 F. Supp. 3d 235 (E.D. Pa. 2022) ........................................................ 16

*In re 1031 Tax Group, LLC*,
420 B.R. 178 (S.D.N.Y. Dec 3, 2009) ......................................................... 8

*In re Donald J. Trump Casino Securities Litigation-Taj Mahal Litigation*,
7 F.3d 357 (3d Cir. 1993) .......................................................................... 10

*In re Dreier LLP*,
452 B.R. 391 (S.D.N.Y. June 16, 2011) ...................................................... 8

*In re Old Carco LLC*,
530 B.R. 614 (S.D.N.Y. 2015) ................................................................... 16

*In re OSC 1 Liquidating Corporation*,
529 B.R. 825 (Bankr. D. Del. 2015) .......................................................... 11

*Kim v. Westmoore Partners, Inc.*,
(2011) 201 Cal.App.4th 267, 133 Cal.Rptr.3d 774 ................................... 12

*Nielsen v. Greenwood*,
849 F. Supp. 1233 (N.D. Ill. 1994) .............................................................. 7

*Partners Coffee Co., LLC v. Oceana Services & Products Co.*,
700 F. Supp. 2d 720 (W.D. Pa. 2010) .......................................................... 9

*Pension Benefit Guar. Corp. v. White Consol. Indus.*,
998 F.2d 1192 (3d Cir. 1993) .................................................................... 10

*Plaskin v. NewSight Reality, Inc.*,
No. 2:19-cv-00458-RGK-SS, 2019 WL 4316255 (C.D. Cal. Apr. 30, 2019) ........................... 14

*Rios v. Linn Star Transfer, Inc.*,
No. 19-cv-07009-JSC, 2020 WL 1677338 (N.D. Cal. Apr. 6, 2020) ........................................ 14

*Roush v. MSI Inventory Serv. Corp.*,
No. 2:17-CV-1010-JAM-KJN, 2018 WL 3637066 (E.D. Cal. July 30, 2018) ......................... 14

*Shaw v. Digital Equip. Corp.*,
82 F.3d 1194 (1st Cir. 1996) ........................................................................ 10

*Sonner v. Premier Nutrition Corp.*,
971 F.3d 834 (9th Cir. 2020) ....................................................................... 18

*State Auto Ins. Co. v. Summy*,
234 F.3d 131 (3d Cir. 2000) ........................................................................ 16

*Supreme Specialties, Inc. Sec. Litig.*,
438 F.3d 256 (3d Cir. 2006) ........................................................................ 12

*Taggart v. Saltz*,
855 F. App'x 812 (3d Cir. 2021) ................................................................. 17

*Thompson v. Real Estate Mortg. Network*,
748 F.3d 142 (3d Cir. 2014) ........................................................................ 16

*Treadstone Servs. PC v. Aetna Life Ins. Co.*,
No. 8:23-CV-01467-FWS-KES, 2025 WL 740178 (C.D. Cal. Feb. 7, 2025) .......... 17

*Usher v. White*,
64 Cal. App. 5th 883 (2021) ................................................................. 13, 14

*Voris v. Lampert*,
7 Cal. 5th 1141 (2019) ......................................................................... 12, 13

*Watterson v. Page*,
987 F.2d 1 (1st Cir.1993) ............................................................................. 10

Statutes

28 U.S.C. § 2201 ......................................................................................... 16
28 U.S.C. § 2201(a) ..................................................................................... 16
Cal. Bus. & Prof. Code § 17200 ................................................................. 17
California Labor Code § 226(a) ................................................................. 3, 5
California Labor Code § 558.1 ............................................................... 13, 14

Rules

Fed. R. Bankr. P. 7012(b) .............................................................................. 1
FRCP 8 ........................................................................................................... 9
FRCP 8(a)(2) .................................................................................................. 9
FRCP 9(b) ............................................................................................... 11, 12
FRCP 12(b)(6) ................................................................................................ 1

## PRELIMINARY STATEMENT

The First Amended Complaint ("FAC") should be dismissed in its entirety as to Defendant Bart Schwartz. Plaintiffs' nine-count FAC improperly lumps Mr. Schwartz together with other defendants, reciting broad legal conclusions without factual support. Such group pleading falls short of the standards under Federal Rule of Civil Procedure ("FRCP" or "Rule") 12(b)(6), made applicable to this proceeding by Fed. R. Bankr. P. 7012(b).

On June 28, 2024, Mr. Schwartz was appointed Chief Executive Officer, the same day Debtors filed for Chapter 11 bankruptcy. Despite Mr. Schwartz's brief, two-week involvement with Debtor Chicken Soup for the Soul Entertainment, Inc. ("CSSE"), the FAC seeks to hold him personally liable for alleged wage violations, fraudulent statements, and other misconduct that purportedly occurred months prior to his appointment (i.e., beginning May 14, 2024). The FAC fails to plead any facts that Mr. Schwartz made any misrepresentation, directed wage-related decisions, or engaged in any conduct that would support individual liability under federal or California law, in large part, because he simply was not present at the time.

Instead, the FAC spouts boilerplate allegations that Mr. Schwartz is liable under California Labor Code and the Fair Labor Standards Act ("FLSA"), citing his professional background and appointment to the position as Chief Executive Officer more than a month after the actions in question. However, one cannot be held personally liable based solely on corporate position or prior professional experience. To survive dismissal, Plaintiffs were required to allege specific facts showing Mr. Schwartz personally engaged in misconduct or caused others to do so. Having failed to do so, the FAC should be dismissed in its entirety against Mr. Schwartz.

Consequently, each of the nine causes of action fails as to Mr. Schwartz. The fraud claim does not identify any misrepresentation made by Mr. Schwartz. The conversion claim is based on

an alleged failure to pay wages, which is not an actionable conversion claim. The Labor Code claims fail because the Labor Code does not impose liability on individual offers absent allegations of direct participation, which are notably absent here. The FLSA claim fails because there are no facts alleged that Mr. Schwartz was an "employer," such that he is subject to liability. The claim brought under California's Unfair Competition Act is derivative of other deficient causes of action and fails on that basis as well.

As explained in greater detail below, the FAC should be dismissed in its entirety because it fails to allege a viable claim against Mr. Schwartz.

## STATEMENT OF FACTS

### A. The First Amended Complaint

By its own characterization, Plaintiffs' core allegations are that the Defendants "engaged in a scheme to: (1) defraud employees out of their hard-earned compensation and siphon it away for their own personal benefit, and (2) deduct wages from employees' pay checks for, *inter alia*, medical and/or dental insurance premiums, while allowing these policies to lapse and ultimately get canceled." FAC at ¶ 1. There are no concrete allegations with respect to what "benefit" was received by Mr. Schwartz nor how his actions allowed medical and dental premiums to lapse. While Plaintiffs refer to a "relevant time period" during which the Defendants were purported to act, at no time do Plaintiffs define what the "relevant time period" is for which they seek to hold Defendants, including Mr. Schwartz, liable.

Plaintiffs' specific allegations as to Mr. Schwartz (other than improperly grouping him in the pleading within the defined term "Defendants"), appear in three paragraphs: Paragraph 26, Paragraph 27, and Paragraph 61. As to Mr. Schwartz, the Plaintiffs merely make several conclusory allegations contained in those paragraphs.

With respect to Paragraph 26, the FAC states that "Plaintiffs are "informed and believe" that Mr. Schwartz was a corporate officer and/or board member of the CSSE Defendants during the "relevant time period," and is therefore liable under Labor Code § 558.1 and the FLSA. FAC ¶ 26.  However, Plaintiffs do not identify or define what was the relevant time period.

With respect to Paragraph 27, Plaintiffs further allege, again "on information and belief," that Mr. Schwartz "violated, or caused to be violated" wage and hour laws by having a "direct and/or active role" in alleged practices such as unauthorized payroll deductions and nonpayment of wages. FAC ¶ 27.  However, Plaintiffs do not identify (i) the basis for their information and belief, (ii) how Mr. Schwartz purportedly violated or caused to be violated wage and hour laws, (iii) nor explain how he had a "direct and/or active role" in "unauthorized payroll deductions and nonpayment or wages."  *Id.* Moreover, each of the purported violations as alleged predate Mr. Schwartz's involvement with CSSE.

As best as Mr. Schwartz can tell, Plaintiffs appear to characterize the acts complained of between January 2024 and June 18, 2024 (the "relevant time period") as the following:  failed to pay Plaintiffs and the other members of the class appropriate wages; failed to reimburse expenses; made unauthorized deductions from pay; failed to provide benefits after making unauthorized deductions from pay; failed to timely pay Plaintiffs and the class; misrepresented to Plaintiffs and the class that they were covered for benefits, causing Plaintiffs and the class to incur not only substantial *inter alia* medical and/or dental; and failed to maintain accurate records for Plaintiffs and the other members of the plaintiff class pursuant to California Labor Code § 226(a).  *See* FAC at ¶¶ 51-58, 65.

While Plaintiffs recount the various roles that Defendants – other than Bart Schwartz – played during that time frame, Plaintiffs' allegation as to Mr. Schwartz is that "**in late June 2024**

… Defendant Schwartz stepped in as interim CEO." FAC at ¶ 61 (emphasis supplied). There is no allegation that Mr. Schwartz had any involvement in the actions complained of in the FAC prior to when he "stepped in as interim CEO." Rather, the allegation against Mr. Schwartz is that he failed to perform some unspecified "due diligence" or an unspecified "adequate investigation" regarding what was owed to Plaintiffs in late June 2024. FAC at ¶ 61.

Plaintiffs' FAC highlights the insufficiency in their allegations as to Mr. Schwartz when compared to the other named defendants. The FAC asserts only that Mr. Schwartz joined CSSE in June 2024 and purportedly "failed to conduct due diligence" regarding payroll and benefits issues. FAC at ¶ 61.

By way of comparison, Plaintiffs allege that Defendants William Rouhana and Amy Newmark purchased "Chicken Soup for the Soul (CSS) in 2008 and later formed Chicken Soup for the Soul Entertainment (CSSE) in 2017." FAC at ¶ 44. Plaintiffs allege that Defendant Rouhana served as a corporate officer and director of CSSE, personally participated in or caused Labor Code and FLSA violations, and even helped form and control related entities for alleged self-dealing. FAC at ¶¶ 21, 22. Plaintiffs further allege that Defendant Newmark exercised direct operational control across affiliated companies she helped create with Mr. Rouhana. FAC at ¶ 23. As to Defendants John Young and Robert Warshauer, Plaintiffs contend they were added to the CSSE Board on May 3, 2024, and failed to "ensure that employees were paid properly in the ensuing weeks and months." FAC at ¶ 55.

In sum, the allegations in Plaintiffs' FAC do not identify any misrepresentation or action taken by Mr. Schwartz that can conceivably be connected to Plaintiffs' purported damages. Instead, the FAC seeks to hold Mr. Schwartz liable on the sole basis of Mr. Schwartz's title and

background, while ignoring the glaring fact that Mr. Schwartz joined CSSE only after the conduct at issue had already occurred.

Thus, based on the allegations contained in the other paragraphs, Plaintiffs are pursuing various theories of liability against Mr. Schwartz.  Specifically, the FAC asserts the same nine causes of action against every defendant: (1) fraud, (2) conversion, (3) violation of the California Labor Code, (4) violation of Labor Code § 204, (5) violation of Labor Code § 221, (6) violation of Labor Code § 2802, (7) violation of Labor Code § 226(a), (8) violation of Labor Code §§ 201–203, and (9) violation of the FLSA. FAC ¶¶ at 52–125. Each claim is directed at "Defendants" collectively, without identifying which defendant is alleged to have engaged in any specific conduct.

### B.  <u>Bart Schwartz's Limited Role with the Debtors</u>

Based on the foregoing, and as further demonstrated in the Debtors' bankruptcy proceedings, there is no non-conclusory allegation that Mr. Schwartz had more than a limited role with the Debtors, and that the limited involvement Mr. Schwartz did have was only in connection with the bankruptcy filing.  While the actions Plaintiffs complained of focus on the Debtors' failure to pay employee wages and health insurance premiums during May 2024, the Plaintiffs acknowledge that Mr. Schwartz did not become involved with CCSE prior to June 2024. Plaintiffs acknowledge and rely on the filings in the Bankruptcy Proceedings in their FAC.  *See* FAC at ¶¶ 15-18, 30, 40, 59-62.

On June 28, 2024, Mr. Schwartz was appointed Chief Executive Officer and a member of the Board of Directors of Chicken Soup for the Soul Entertainment, LLC in advance of the Debtors' filing for bankruptcy. FAC at ¶ 61; D.I. 7 ¶ 10.[2]  On that same day, Debtors filed voluntary petitions

---

[2] As used herein, "D.I." refers to the docket index entries in the related bankruptcy cases, Case No. 24-11442 (MFW).

for relief under Chapter 11 of the Bankruptcy Code. FAC at ¶ 59; D.I. 1.  Shortly thereafter, on July 3, 2024, Mr. Schwartz stepped down from the Board of Directors and resigned as the CEO of CCSE and became a member of the Strategic Review Committee ("SRC").  D.I. 77.  On July 9, 2024, Mr. Schwartz resigned from the SRC and ceased his involvement with the Debtors.

### C.  The Bankruptcy Proceedings

On June 28, 2024, the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code, thereby commending the above-captioned bankruptcy cases (the "Bankruptcy Cases").

In connection with the Bankruptcy Cases, on June 29, 2024, the Debtors filed the Declaration of William J. Rouhana, Jr., Chairman of the Board, In Support of the Debtors' Chapter 11 Petitions and First Day Motions D.I. 7 ("Rouhana Decl.").  In the Rouhana Declaration, the Debtors disclosed that "effective the morning of June 28, 2024, 2024 [sic], the board of directors was reconstituted with … the appointment of new directors Bart M. Schwartz."  (Rouhana Decl. at Par. 10).  The Rouhana Declaration also affirms that Mr. Rouhana served as the CEO of the Debtors until June 24, 2024.  (Rouhana Decl. at Par. 1).

On June 29, 2024, Debtors' filed a Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Pay Prepetition Wages, Salaries, Reimbursable Expenses and Other Obligations on Account of Compensation and Benefits Programs and (B) Continue Compensation and Benefits Programs; and (II) Granting Related Relief (the "Wage Motion").  D.I.  3.

In the Wage Motion, the Debtors disclosed that "On June 14, 2024, however, Anthem terminated the Medical Plan for nonpayment effective as of May 14, 2024."  Wage Moton at ¶ 34. The Debtors acknowledged in the Wage Motion that as of the Petition Date, the Debtors owed approximately $4,000,000 "on account of accrued but unpaid obligations under the Medical Plan."

Wage Motion at ¶ 35.  As a consequence thereof, the Debtors sought permission "to pay or otherwise honor all accrued but unpaid prepetition obligations associated with the Compensation and Benefit Programs …"  Wage Motion at ¶ 14.

On July 2, 2024 the Court granted the Wage Motion. D.I. 75. On July 4, 2024, the Court authorized the Debtors enter into post-petition financing agreements to facilitate, among other things, the payments of certain prepetition wages and benefits. D.I. 85.

On July 10, 2024, the Court entered an Order Converting Cases from Chapter 11 to Chapter 7 of the Bankruptcy Code and Granting Related Relief, D.I. 120 (the "Conversion Order"). In the Conversion Order, the Court ordered that the Bankruptcy Cases are converted to chapter 7 of the Bankruptcy Code, effective as of July 10, 2024. *See* Conversion Order ¶ 2.

## ARGUMENT

### I.    Dismissal Standard

To withstand a Rule 12(b)(6) motion to dismiss, a complaint must have "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Here, Plaintiffs fail to do so.  Nor shall a court accept as true "conclusory allegations which are contradicted by documents referred to in the complaint." *Nielsen v. Greenwood*, 849 F. Supp. 1233, 1241 (N.D. Ill. 1994). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Courts use a two-prong approach when considering a motion to dismiss. "First, the court must accept all factual allegations as true," but only after "discounting legal conclusions clothed

in factual garb." *In re 1031 Tax Group, LLC*, 420 B.R. 178, 190 (S.D.N.Y. Dec 3, 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009). In *Iqbal*, 556 U.S. at 662, the Supreme Court explained that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Legal conclusions "must be supported by factual allegations." *Id*. at 679. "[B]are assertions …. [that are] nothing more than a 'formulaic recitation of the elements' of a … claim, …. are conclusory and not entitled to be assumed true." *Id*. at 681 (quoting *Twombly*, 550 U.S. at 544-45).

Second, the court "must determine if these well-pleaded factual allegations state a 'plausible claim for relief.'" *In re Dreier LLP*, 452 B.R. 391, 407 (S.D.N.Y. June 16, 2011) (quoting *Iqbal*, 556 U.S. at 679). "Courts do not make plausibility determinations in a vacuum; it is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id*. (quoting *Iqbal*, 556 U.S. at 679). Accordingly, "plausibility" requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 406 (quoting *Iqbal*, 556 U.S. at 678); *see also id*. at 407 ("The pleadings must create the possibility of a right to relief that is more than speculative.").

In addition, fraud claims must meet a heightened pleading standard under Rule 9(b). "In alleging fraud … a party must state with particularity the circumstances constituting fraud." Rule 9(b). Rule 9(b)'s purpose is to inform "defendants [of] the 'precise misconduct with which they are charged' and protect defendants against 'spurious charges of immoral and fraudulent behavior'." *Durham v. Bus Mgmt. Assoc.*, 847 F.2d 1505, 1511 (11th Cir. 1988) (citation omitted). Allegations must therefore identify the "who, what, when, where, and how" of the alleged fraud. *DiMartino v. BMW of N.Am., LLC*, No. 15-8447 (WJM), 2016 WL 4260788, at *6 (D.N.J. Aug 11,

2016) (granting defendant's motion to dismiss where plaintiff failed to satisfy Rule 9(b)'s heightened pleading requirement).

Moreover, Plaintiffs' FAC is riddled with improper group pleading allegations. Group pleading is insufficient to state a claim against Mr. Schwartz because Plaintiffs must plead specific facts as to his alleged conduct. See *Burtch v. Zachem (In re TZEW Holdco, LLC),* Adv. No. 22-50255, 2023 WL 6140247, at *3 (Bankr. D. Del. Sept. 19, 2023) (recognizing that lumping defendants together "without supplying specific facts as to each defendant's wrongdoing" is grounds to dismiss for failure to state a claim).

Plaintiffs' FAC fails to satisfy the pleading standards under FRCP 8. Rule 8 requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to give a defendant fair notice of the claims and the grounds upon which those claims rest. FRCP 8(a)(2). Allegations asserted solely "on information and belief," without supporting factual detail, do not meet this standard. In *Partners Coffee Co., LLC v. Oceana Services & Products Co.*, 700 F. Supp. 2d 720, 736-38 (W.D. Pa. 2010), the court dismissed veil-piercing allegations pleaded "on information and belief," finding that the allegations were "legal conclusions couched as factual allegations." In addition, in *Essex Construction, LLC v. HSC Real Estate, LLC*, 2011 WL 3703471, at *3 (D. Md. 2011), the court held that allegations made "on information and belief" that merely recited legal elements "fail under the pleading standard of rule 8 as interpreted by the Supreme Court in *Twombly* and *Iqbal*." Here, Plaintiffs' assertions against Mr. Schwartz are premised almost entirely on "information and belief" and unsupported by specific factual allegations. In doing so, Plaintiffs fail to provide adequate notice of the conduct at issue or establish any basis for personal liability against Mr. Schwartz.

Finally, while as a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings (*see Alston v. Wenerowicz*, 167 F.Supp.3d 714, 716 (E.D. Pa. 2016)), an exception to the general rule is that a "document integral to or explicitly relied upon in the complaint" may be considered "without converting the motion [to dismiss] into one for summary judgment." *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996). The rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated "[w]here plaintiff has actual notice ... and has relied upon these documents in framing the complaint." *Watterson v. Page,* 987 F.2d 1, 4 (1st Cir.1993) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2nd Cir.1991)).

Here, Mr. Schwartz relies on the underlying bankruptcy proceedings.  Because Plaintiffs expressly reference those proceedings in their FAC, (*see* FAC at ¶ 60), those records are properly considered by the Court in evaluating this motion without converting it into one for summary judgment.  *See Shaw,* 82 F.3d at 1220; *In re Donald J. Trump Casino Securities Litigation-Taj Mahal Litigation*, 7 F.3d 357, 368 n.9 (3d Cir. 1993) ("a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.") (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

II.     Count I for Fraud Fails Under Rules 9(b) and 12(b)(6)

The Court should dismiss Plaintiffs' fraud claim because the FAC fails to meet the pleading requirements under Rule 12(b)(6) or Rule 9(b).

In order to adequately allege a claim for fraud, a plaintiff must allege: "(1) a false representation of material fact made by the defendant; (2) the defendant's knowledge or belief that

the representation was false, or was made with reckless indifference to the truth; (3) an intent to induce the plaintiff to act or to refrain from acting; (4) the plaintiffs action or inaction taken in justifiable reliance upon the representation; and (5) damage to the plaintiff as a result of such reliance." *In re OSC 1 Liquidating Corporation*, 529 B.R. 825, 832 (Bankr. D. Del. 2015). Further, Rule 9(b) requires that, in order to allege fraud, "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FRCP 9(b).

Here, the FAC alleges generally that "Defendants concealed and suppressed material facts about their intentions for employees to be covered for medical and/or dental benefits" (FAC ¶ 75), and that "Defendants intentionally concealed or suppressed their disregard for their employees" FAC ¶ 77. But the FAC fails to allege that Mr. Schwartz himself made or concealed any statement, let alone with the particularity Rule 9(b) requires. Indeed, while there are some communications referenced in the FAC, all of those supposed misrepresentations occurred prior to Mr. Schwartz joining the Debtors as CEO on June 28, 2024. Thus, as to meeting the requirements for pleading a fraud claim, the FAC does not allege what fraudulent statement was made by Mr. Schwartz, does not allege that Mr. Schwartz had knowledge or belief that any representation was false or was made with "reckless indifference" to the truth, does not allege that Mr. Schwartz had an intent to induce any of the Plaintiffs from acting or refrain from acting, does not specify what actions or inactions that Plaintiffs took in justifiable reliance upon a representation by Mr. Schwartz, nor does the FAC allege any damages that occurred from any purported reliance on Mr. Schwartz.

Therefore, the FAC does not, nor could it, allege that Mr. Schwartz made any such representation, or that he had any role in administering benefits prior to his June 28 appointment as CEO or during his role as CEO. In sum, the fraud allegations fail to specify as to Mr. Schwartz

the "who, what, when, where, and how" of the alleged fraud. *DiMartino v. BMW of N.Am., LLC*, No. 15-8447 (WJM), 2016 WL 4260788, at *6 (D.N.J. Aug 11, 2016) (quoting *Supreme Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 270, 276-77 (3d Cir. 2006)).  The failure to identify any misrepresentation by Mr. Schwartz specifically is fatal under Rule 9(b).  Accordingly, the fraud claim should be dismissed against Mr. Schwartz.

### III.    The Conversion Claim Fails as a Matter of Law

Plaintiffs' conversion claim should be dismissed pursuant to Rule 12(b)(6) because the allegations, even if accepted as true, do not state a cognizable claim.

First, while conversion typically applies to specific tangible property, courts have recognized certain circumstances where conversion applies to money, but only where a plaintiff can allege interference with a specific, identifiable sum. *Kim v. Westmoore Partners, Inc.* (2011) 201 Cal.App.4th 267, 284, 133 Cal.Rptr.3d 774, 789 ("the simple failure to pay money owed does not constitute conversion … A cause of action for conversion of money can be stated only where a defendant interferes with the plaintiff's possessory interest in a specific, identifiable sum…"); *Farmers Ins. Exchange v. Zerin* (1997), 53 Cal.App.4th 445, 446 (the mere failure to pay under a contract does not constitute conversion).

Here, Plaintiffs allege that they had an "absolute, unconditional, and fully bested right to their wages earned from work performed" and that Defendants "refused, retained, and converted those funds." FAC ¶¶ 84-85. However, unpaid wages are not a "specific, identifiable sum" in which Plaintiffs already had a possessory interest, but rather a debt owed by an employer. *Voris v. Lampert*, 7 Cal. 5th 1141, 1145, 1162 (2019) (declining "to supplement the existing set of remedies for wage nonpayment with an additional tort remedy in the nature of conversion."). *Id.* at 1163.

Second, Plaintiffs plead no facts showing that Mr. Schwartz played any role in wage decisions during the period when these alleged wage violations occurred.  The FAC alleges that Mr. Schwartz became CEO "in or around late June 2024." FAC ¶ 61.  The FAC improperly lumps Mr. Schwartz with all other "defendants" without specifically alleging that Mr. Schwartz was employed by or had operational control over CSSE at the time of these alleged violations.  Because the allegations giving rise to the conversion claim either pre-date or are otherwise unrelated to Mr. Schwartz, Plaintiffs' conversion claim fails and should be dismissed as against Mr. Schwartz.

IV.    The Labor Code Claims Do Not State a Claim Against Mr. Schwartz

Plaintiffs' Labor Code claims (Counts III-VIII) must be dismissed as to Mr. Schwartz because the FAC fails to allege any facts showing that Mr. Schwartz personally engaged in or otherwise contributed to the purported violations.

Counts III-VIII seemingly seek to hold Mr. Schwartz personally liable as director or officer pursuant to Labor Code § 558.1. FAC ¶ 26.  Under California Labor Code § 558.1, an individual may only be held personally liable if they had "personal involvement in the enumerated violations in section 558.1; or, absent personal involvement, ha[d] sufficient participation in the activities of the employer – including, for example, over those responsible for the alleged wage and hour violations – such that the [person] may be deemed to have contributed to, and thus have 'cause[d]' such violations." *Usher v. White*, 64 Cal. App. 5th 883, 886 (2021).  Here, there are no allegations in the FAC that Mr. Schwartz had "personal involvement" or "sufficient participation in the activities of the employer." *Id*.

California Labor Code § 558.1 does not impose liability merely because an individual holds a corporate title. Rather, liability attaches only if the individual "themselves acted to violate or cause the violation of California's labor laws." *Roush v. MSI Inventory Serv. Corp.*, No. 2:17-CV-

1010-JAM-KJN, 2018 WL 3637066, at *3 (E.D. Cal. July 30, 2018). To "cause" a violation, an individual must have either (1) been directly involved in the violation or (2) had sufficient participation in managing or overseeing those directly responsible such that the individual contributed to the violation. *Usher v. White*, 64 Cal. App. 5th 883, 896–97 (2021). Here, there are no allegations that Mr. Schwartz was "directly involved" in the violations nor that Mr. Schwartz managed or oversaw those directly responsible for the violations (or even who supposedly was directly responsible for the violations).

Courts routinely reject attempts to impose liability where individual wrongdoing is not adequately alleged. Courts also have consistently dismissed claims brought under Labor Code § 558.1 where the complaint fails to allege facts showing that the individual defendant personally engaged in or caused the alleged Labor Code violations. *See*, *e.g.*, *Carter v. Rasier-CA, LLC*, No. 17-cv-00003-HSG, 2017 WL 4098858, at *5 (N.D. Cal. Sept. 15, 2017) (dismissing claims where allegations were limited to defendant's corporate role); *Rios v. Linn Star Transfer, Inc.*, No. 19-cv-07009-JSC, 2020 WL 1677338, at *6 (N.D. Cal. Apr. 6, 2020) (dismissing § 558.1 claim because complaint "failed to allege any facts showing that [the individual defendant] personally engaged in the alleged violations"); *Plaskin v. NewSight Reality, Inc.*, No. 2:19-cv-00458-RGK-SS, 2019 WL 4316255, at *5 (C.D. Cal. Apr. 30, 2019) (finding that "the plain language of Section 558.1 suggests substitutive liability for a person acting on behalf of an employer," but dismissing claims where allegations "pertain[ed] only to [defendant's] role as a corporate officer," with no "allegation of individual wrongdoing"). Thus, a plaintiff must do more than simply name officers in order to hold them personally liable.

Here, there are no allegations of Mr. Schwartz's involvement in adopting, enforcing, or otherwise involved in the alleged wage violations. Plaintiffs fail to specifically allege that Mr.

Schwartz was even involved with the Debtors during the time period when the alleged violations occurred.  Instead, Plaintiffs seek to impose liability on Mr. Schwartz solely based on the allegation that he assumed the role of CEO in late June of 2024.  *See* FAC at ¶ 61.

Because Plaintiffs' Labor Code claims are unsupported by any factual allegations connecting Mr. Schwartz to the alleged violations, Counts III through VIII fail as a matter of law and should be dismissed with prejudice.

V.       The FLSA Claim in Count IX is Insufficiently Pled

To recover overtime compensation under the FLSA, "an employee must prove that he worked overtime hours without compensation, and he must show the amount and extent of his overtime work as a matter of just and reasonable inference." *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) quoting *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986). In *Davis*, the Third Circuit affirmed dismissal for failure to state a claim where plaintiffs' claims failed to allege a single specific instance in which plaintiffs worked overtime without compensation.  Here, Plaintiffs have not alleged any specific facts—such as dates, hours worked, or Mr. Schwartz's involvement—that plausibly establish unpaid overtime or wages under the FLSA.

Moreover, Plaintiffs do not allege that Mr. Schwartz was their "employer" under the statute, a necessary element for individual liability.  A corporate officer qualifies as an "employer" only if he exercises "operational control" over the company's employment practices. *Dole v. Haulaway Inc.*, 723 F.Supp. 274, 286 (D.N.J. Oct 27, 1989); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142 (3d Cir. 2014) (reversing dismissal of FLSA claims to allow individual liability where plaintiff alleged that individual officers exercised control over compensation and employment decisions).  Here, Plaintiffs fail to allege sufficient facts to support that Mr. Schwartz

was Plaintiffs' employer, or that he had "operational control" over CSSE's employment practices at the time of the alleged FLSA violations. The absence of such allegations requires dismissal of the FLSA claim against him.

VI.    Plaintiffs' Claim For Declaratory Relief Fails

Plaintiffs' request for a declaration under the Declaratory Judgment Act, 28 U.S.C. § 2201 also fails. Plaintiffs are seeking a declaration that they are entitled to "unpaid wages and other compensation thereon, liquidated damages, costs of suit, attorney's fees and other relief under the FLSA". (FAC ¶ 35). Under the Declaratory Judgment Act, courts have broad discretion to determine whether to entertain a request for declaratory relief. 28 U.S.C. § 2201(a); *In re Old Carco LLC*, 530 B.R. 614, 620 (S.D.N.Y. 2015) ("the Court has discretion to decide whether to entertain a declaratory judgment action"). While the Declaratory Judgment Act provides courts with discretion, "declaratory judgments must have utility and be of significant practical help in ending the controversy." *Greenwald Caterers Inc. v. Lancaster Host, LLC*, 599 F. Supp. 3d 235, 267 (E.D. Pa. 2022). In addition, "district courts should 'exercise their discretion to decline proceeding with declaratory judgments when they duplicate other claims.'" *Id*. (quoting *State Auto Ins. Co. v. Summy*, 234 F.3d 131, 134 (3d Cir. 2000)).

The Court should decline to do so here because Plaintiffs' request is duplicative, improper, and unsupported by the allegations. First, both the FLSA and the California Labor Code already provide comprehensive and complete remedies for alleged wage violations, including damages and attorneys' fees. Where plaintiffs seek monetary relief under these statutes, declaratory relief is unnecessary and redundant. Plaintiffs fail to allege, as they must, that there is no adequate remedy at law for the alleged wage-and-hour violations under either the FLSA or the Labor Code.

Moreover, Plaintiffs improperly seek a declaration concerning only alleged past conduct, which is not grounds to obtain a declaration. *See Taggart v. Saltz*, 855 F. App'x 812, 815 (3d Cir. 2021) ("A declaratory judgment is available to define the legal rights of parties, not to adjudicate past conduct where there is no threat of continuing harm."); *see also Delaware State Univ. Student Horn. Found, v. Ambling Mgmt. Co.*, 556 F.Supp.2d 367, 374 (D. Del. 2008) ("A declaratory judgment is inappropriate solely to adjudicate past conduct") (internal citation omitted).  Here, the declaratory judgment Plaintiffs seek concerns wage and benefit practices that allegedly occurred prior to the bankruptcy filing, during a period when Mr. Schwartz was neither CEO of CSSE nor otherwise involved with the Debtors.

Because Plaintiffs seek only to challenge conduct that occurred prior to Mr. Schwartz's appointment as CEO, and because the FAC fails to allege any facts tying Mr. Schwartz to any continuing or future controversy, Plaintiffs' request for declaratory relief is both procedurally and substantively defective and should not be granted.

VII.   Plaintiffs' Unfair Competition Claim Fails

Plaintiffs' claim under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq., ("UCL"), should also be dismissed.  A necessary element of a UCL claim is that there is no adequate remedy at law – a fact Plaintiffs fail to plead in the FAC. *See Treadstone Servs. PC v. Aetna Life Ins. Co.*, No. 8:23-CV-01467-FWS-KES, 2025 WL 740178, at *8 (C.D. Cal. Feb. 7, 2025) ("A plaintiff seeking equitable relief under the UCL in federal court must comply with traditional equitable principles, including establishing that there is no adequate remedy at law available.").

In a private UCL action, the only available monetary remedy is equitable restitution. *See Boone v. Amazon.com Servs., LLC*, 562 F. Supp. 3d 1103, 1127 (E.D. Cal. 2022) (citing *Clark v.*

*Super. Ct.*, 50 Cal. 4th 605, 613 (2010)).  In order for a plaintiff to recover equitable restitution for past harm under the UCL, Plaintiffs "must establish that [they] lack[] an adequate remedy at law." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).  Here, Plaintiffs have not done so, and thus their UCL claim fails as a matter of law.

## **CONCLUSION**

For the reasons set forth above, Defendant Bart Schwartz respectfully requests that this Court dismiss all claims asserted against him in the FAC with prejudice.

Dated: October 17, 2025
Wilmington, Delaware

**HOGAN MCDANIEL**

*/s/ Daniel Kerrick*
Daniel Kerrick (DE Bar No. 5027)
1331 Delaware Avenue
Wilmington, DE 19806
Telephone: (302) 656-7540
Facsimile: (302) 656-7599
E-mail: dckerrick@dkhogan.com

-and-

**MINTZ & GOLD LLP**

*/s/ Barry M. Kazan*
Barry M. Kazan, Esq.
(*pro hac vice* to be filed)
600 Third Avenue, 25th Floor
New York, New York 10016
Telephone: (212) 696-4848
Facsimile: (212) 696-1234
E-mail: kazan@mintzandgold.com

*Counsel to Defendant Bart Schwartz*